OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Just as evidence of prior criminal conduct cannot be admitted as evidence-in-chief to establish a predisposition to commit the crime charged (People v Vails, 43 NY2d 364, 368; People v Fiore, 34 NY2d 81, 84; People v Molineux, 168 NY 264, 292), evidence tending to establish that a defendant did not commit uncharged crimes is, because of its irrelevancy, similarly inadmissible as evidence-in-chief to establish that the defendant did not commit the charged crime. Defendant maintains, however, that the evidence excluded — viz., the inability of a *787 victim of a separate rape to identify defendant as her assailant — was relevant not because it tended to establish a "predisposition” not to commit crime, but because it was probative on the issue of whether the victim of the rape for which defendant was tried misidentified him.
As a general rule, evidence is relevant if it tends "to convince that the fact sought to be established is so.” (People v Yazum, 13 NY2d 302, 304; see, generally, McCormick, Evidence [2d ed], § 185; Richardson, Evidence [10th ed], § 4.) On the facts of the present case the evidence defendant sought to introduce was irrelevant to prove his claim of misidentification. In our view, the Appellate Division correctly concluded that "[testimony of another victim concerning another robbery and rape committed in a different manner at another location, and on a different date, that defendant was not the man who attacked her, had no probative value in determining whether defendant robbed, raped and sodomized complainant in this case.” (62 AD2d 555, 559.)
We would also agree that although the conduct of the prosecutor was not exemplary, it was not sufficiently egregious to deprive defendant of a fair trial. (People v Arce, 42 NY2d 179, 189-191; People v Alicea, 37 NY2d 601, 603.)
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed in a memorandum.