**Kenneth JOHNSON,
Plaintiff-Appellee-Cross-Appellant,**

v.

**Harold J. SMITH, Superintendent, Attica Correctional Facility,
Defendant-Appellant-Cross-Appellee.**

**Nos. 831, 530, Dockets 84–2071, 84–2095.**

United States Court of Appeals,
Second Circuit.

Submitted Oct. 4, 1984.

Decided June 11, 1985.

Petition for rehearing of a denial of a motion for reinstatement of cross-appeal from a partial grant of a writ of habeas corpus entered by the United States District Court for the Western District of New York (John T. Elfvin, J.).

Kenneth Johnson, pro se.

Louis A. Haremski, Asst. Dist. Atty., Buffalo, N.Y. (Richard J. Arcara, Dist. Atty., Erie County, Buffalo, N.Y., of counsel), for defendant-appellant-cross-appellee.

Before VAN GRAAFEILAND and WINTER, Circuit Judges, and BARTELS, District Judge.[*]

ON PETITION FOR REHEARING:

In view of the procedural posture of this case, we address the issues in a formal opinion.

This case arises out of a petition for habeas corpus filed in the Western District of New York and decided by Judge Elfvin. Petitioner's original habeas petition raised the issues of whether the exclusion of exculpatory eye-witness identification evidence or prosecutorial misconduct denied him a fair trial. These issues having been exhausted in the state courts, *People v. Johnson*, 62 A.D.2d 555, 405 N.Y.S.2d 538 (1978), *People v. Johnson*, 47 N.Y.2d 785, 417 N.Y.S.2d 925, *cert. denied*, 444 U.S. 857, 100 S.Ct. 116, 62 L.Ed.2d 75 (1979), Judge Elfvin ruled that exclusion of the exculpatory eyewitness evidence was not sufficiently material to warrant habeas relief, but granted the writ on grounds of prosecutorial misconduct. Judge Elfvin ordered that petitioner be given a new trial within seventy-five days or the conviction be vacated.

The State of New York appealed the judgment, and Johnson cross appealed from Judge Elfvin's evidentiary ruling. The state sought a stay of the retrial order, which was denied by the district court. The state then sought a stay in this court which was denied. Johnson's motion for bail pending the appeal was granted. Before the appeal could be heard, the state decided to retry petitioner rather than have his conviction vacated. At the new trial, petitioner was convicted of first degree rape and two counts of sodomy.

Since the state's appeal from the judgment became moot as a consequence of the second conviction, the state moved for dismissal of the appeal and cross-appeal. Oral argument on the motion was set for August 7, 1984. Although counsel for the state appeared, petitioner's counsel arrived only after the motion was granted and did not argue. He appears to have notified someone in the clerk's office that he would be late, but the court was not so informed. The motion to dismiss the appeal and cross-appeal was thus granted in open court without opinion. Petitioner then sought

[*] The Hon. John R. Bartels, United States District Judge for the Eastern District of New York, sitting by designation.

through his counsel to reinstate his cross-appeal. An order denying reinstatement was signed by the members of the panel but due to clerical error was never entered.

 Petitioner, acting *pro se*, now seeks a rehearing, understandably protesting what appears to him as deliberate judicial inaction. We regret the administrative mishaps that have plagued this case. However, we must affirm our original dismissal. Once the state retried petitioner, there was no longer a judgment of the district court from which to appeal. The judgment ordered petitioner freed if the state did not retry him. Once retrial occurred, the appeal became moot, as did the cross-appeal, since they both raised hypothetical issues, the earlier trial no longer being the cause of Johnson's incarceration.

Petitioner argues that we should nevertheless address the evidentiary issue which was the subject of the cross-appeal on grounds of judicial economy and the unfairness to him of having to relitigate the evidentiary issue in the state courts. We disagree.

We note that it is not at all clear that the exhaustion requirement of Section 2254 applies to a previously exhausted issue which arises in identical form in a retrial. *See* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4264 at 627–28 (repetitious applications to state courts not required and exhaustion requirement satisfied if the issue has once been presented to the highest state court). *United States ex rel Reis v. Wainwright*, 525 F.2d 1269, 1272 (5th Cir.1976). However, that issue is not before us and, even if further exhaustion of previously litigated issues is not required, we believe that where evidentiary issues of relevance and probative weight are concerned, the question of whether the issue after retrial is identical to that previously exhausted is best left to the district court.[1]

Petition for rehearing denied.

---

1. Petitioner's papers state that the evidentiary issue was resolved on retrial on the grounds that it was law of the case. However, they also state that the issue on trial is "almost" identical to that previously exhausted.