OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was indicted with codefendants William Arrington and Kenneth Perkins for criminal sale of a controlled substance in the second degree. The charges arose from their sale of approximately 33 grams of heroin to an undercover police officer on September 16, 1982. Codefendant Arrington was charged in a separate indictment with the sale of a larger quantity of heroin on September 27, 1982. Before trial, Arring
 
 *952
 
 ton moved for a severance, contending that defendant and Perkins would attempt to elicit testimony about his September 27 sale, that such evidence was inadmissible under the rule of
 
 People v Molineux
 
 (168 NY 264) and that he would be prejudiced as a result. Defendant joined in Arrington’s motion. Severance was denied but, over defendant’s opposition, the court granted Arrington’s alternative motion for an order precluding the prosecution and his codefendants from referring to the September 27 transaction. Both were convicted at the ensuing joint trial. Defendant now contends that the preclusion order restricting his ability to cross-examine the People’s witnesses about Arrington’s sale of heroin on September 27 violated his Sixth Amendment confrontation rights. His claim is based on the following theory.
 

 At trial, witnesses who testified against defendant identified him as the "boss” of the three men engaged in the September 16 transaction whereas defendant sought to portray himself as an innocent bystander. In summation, defense counsel rhetorically asked the jury why would the "boss” of a drug-selling operation actually appear on the street where the sale took place. This prompted the District Attorney to respond in summation that perhaps defendant involved himself in the September 16 deal because it was a significant transaction involving $1,200. Defendant contends the evidence of the September 27 sale was relevant to rebut this argument. Because the September 27 sale involved a larger quantity of heroin and a higher purchase price, defendant asserts if he were the "boss” it would have been more likely for him to have been present at the later sale. He thus maintains he should have been afforded the opportunity to cross-examine the People’s witnesses to show that although the September 27 sale was of greater significance, he was not present for that transaction.
 

 Evidence that defendant was not a participant in the September 27 sale, offered solely for the purpose of showing defendant was not predisposed to commit the crime, was irrelevant to the charges against him for selling heroin on September 16. As we have noted, "[j]ust as evidence of prior criminal conduct cannot be admitted as evidence-in-chief to establish a predisposition to commit the crime charged
 
 (People v Vails,
 
 43 NY2d 364, 368;
 
 People v Fiore,
 
 34 NY2d 81, 84;
 
 People v Molineux,
 
 168 NY 264, 292), evidence tending to establish that a defendant did not commit uncharged crimes is, because of its irrelevancy, similarly inadmissible as evi
 
 *953
 
 dence-in-chief to establish that the defendant did not commit the charged crime”
 
 (People v Johnson,
 
 47 NY2d 785, 786). Accordingly, the court’s order precluding defendant from attempting to establish what took place during the later sale was entirely proper and did not violate his Sixth Amendment right of confrontation
 
 (see, Skinner v Cardwell,
 
 564 F2d 1381, 1389;
 
 accord, United States v Jackson,
 
 756 F2d 703, 706).
 

 We have examined defendant’s remaining contentions and conclude they are without merit.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock,, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.