■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JENKINS, Appellant.—Judgment, Supreme Court, Bronx County (Emily Jane Goodman, J.), rendered May 22, 1989, convicting defendant after a jury trial of sexual abuse in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to an indeterminate term of imprisonment of 1-½ to 4-½ years, and a concurrent term of one year, respectively, unanimously affirmed.

On appeal, defendant argues that the disparity between his actual appearance and the victim's description of her attacker, together with the victim's testimony that she saw defendant several times after the incident but did not call the police, establishes that his conviction is against the weight of the evidence.

The forty-one-year old victim testified that she was attacked inside the elevator of her building while she was on her way

to work. When defendant approached her with a drawn knife, she offered her valuables, but defendant replied, "I just want you." The victim was then taken by the arm through a hallway to a stairwell, where defendant ripped open her blouse and began kissing and fondling her neck and breasts. The victim fought back by grabbing the attacker's hair and ear and knocking his head against the wall, after which she fled to the safety of her apartment.

Police were telephoned immediately and the next morning, the victim reported the crime at the precinct, describing the perpetrator as a five foot, seven inch black man, weighing one hundred seventy pounds. Twice, while the victim was on her way to work, she saw defendant, but said nothing because she did not want "to make trouble" for her son, who was accompanying her. Three months after the attack, while paying her rent, she again observed defendant and identified him to a police officer.

Defendant testified at trial, denying any involvement with the victim. Testimony was adduced that at the time of the incident, defendant had "virginal" facial hair, and stood 6 feet tall, and weighted about 200 pounds.

Defendant's conviction is not against the weight of the evidence. The relative probative force of the testimony supports the jury's determination to credit the victim's identification testimony *(People v Bleakley,* 69 NY2d 490). The evidence shows that the victim, who reacted calmly to the circumstances, had ample opportunity to observe her attacker at close range under good lighting conditions. The differences in the victim's description of her attacker and defendant presented a question of fact for the jury to determine *(People v Caban,* 120 AD2d 603, *lv denied* 68 NY2d 768). So too did the victim's explanation, which we find reasonable, of her decision not to summon the police on the two occasions, when she had seen the defendant, between the attack and day of defendant's arrest. Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.