■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE JORGE, Appellant.—Judgment, Supreme Court, New York County (Harold Silverman, J.), rendered June 25, 1990, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing her to a term of imprisonment of 3 to 9 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the evidence is sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of robbery in the second degree. Moreover, upon an independent review of the facts, the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). While there were inconsistencies between the complaining witness' origi-

nal description of defendant and the testimony at trial, these inconsistencies presented a question of fact for the jury to determine and there is no reason to disturb its determination *(People v Jenkins,* 174 AD2d 379, *lv denied* 78 NY2d 968).

The court did not commit reversible error when, charging the jury on consciousness of guilt, it stated that defendant said to the victim upon her arrest that "[i]f I get out of this, I'll get you", rather than "[i]f I get out of this, you'll see". At defense counsel's request, the court instructed the jury to disregard its initial statement, and explained that it is their own recollection of the evidence, not the court's, which controls. Since defense counsel did not object to the court's curative instruction, defendant failed to preserve her claim that the court was offering its own version of the evidence *(People v Gruttola,* 43 NY2d 116, 123), and, in any event, we decline to review it in the interest of justice. Were we to review, we would find that the court was merely exercising its authority to explain, in a limited fashion, the application of the law to the facts, and, in doing so, was not required to refer to all of the evidence or explain all of the inconsistencies therein *(People v Weaver,* 171 AD2d 514, *lv denied* 78 NY2d 927). The court did not ignore countervailing evidence merely because it did not give one witness's version of the statement, and any prejudice was eliminated in view of the fact that the jury heard that witness's version again when his testimony was read back to them. We would also find that any error was harmless in view of the overwhelming evidence of guilt *(People v Johnson,* 57 NY2d 969).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.