■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WOLFE, Appellant. [598 NYS2d 510] —Judgment, Supreme Court, Bronx County (Robert L. Cohen, J.), rendered June 5, 1991, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's challenge to the sufficiency and the weight of the evidence adduced at trial is without merit because the claimed discrepancies in testimony merely presented a question of credibility to be resolved by the jury *(see, People v Jorge,* 181 AD2d 441, 441-442, *lv denied* 80 NY2d 833). Defendant was not deprived of due process by the People's failure to disclose that the main prosecution witness had been lodged in a motel for security reasons at the government's expense. Assuming that a *Brady* violation occurred, there was no showing of a reasonable probability *(see, People v Chin,* 67 NY2d 22, 33) that disclosure of this evidence would have affected the outcome of the trial. Since the witness's testimony was not secured by any financial or other incentive, there is no indication that revelation of the motel accommodations would have altered the jurors' assessment of the witness's reliability on the witness stand.

As to the trial court's ruling rejecting defendant's request for a missing witness charge, the defense failed to meet the threshold requirement of establishing that the alleged witness, Tarik, was knowledgeable about a material issue in the case *(see, People v Kitching,* 78 NY2d 532, 536); defense counsel merely made a pro forma conclusory request. In any event, the testimony indicated that Tarik was not present at the robbery. Tarik apparently was present during the chase in the street in the dark, but defendant can only speculate on appeal

that Tarik "almost certainly saw them * * * and was knowledgeable regarding identification". Moreover, the defense failed to raise the matter as soon as practicable to allow the court to exercise its discretion and to permit the parties to tailor their strategies *(see, People v Gonzalez,* 68 NY2d 424, 428).

We have considered defendant's remaining contention and find it to be without merit. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.