■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLFO FIGUEROA, Appellant. [610 NYS2d 25] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered February 11, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him to concurrent prison terms of 1½ to 4½ years and 1 year, respectively, unanimously affirmed.

It was not an abuse of discretion to deny defendant's motion to dismiss the indictment pursuant to CPL 210.40, which, we note, was untimely because not made within 45 days after arraignment (CPL 255.10 [1] [a]; 255.20 [1], [3]). Firing gunshots into a residential street, under circumstances, which, as described by the court during sentencing, "were frightening, perhaps even terrifying", but "had not progressed to a point involving any threat to human safety", is a serious crime that left unpunished would undermine public confidence in the criminal justice system. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GARCIA, Appellant. [612 NYS2d 836] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered May 16, 1985, convicting defendant, after a jury trial, of two counts of robbery in the first degree and robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years, 10 to 20 years and 7½ to 15 years, respectively, unanimously affirmed.

A presumption of regularity attends all judgments of conviction (People v Bell, 36 AD2d 406, 408, affd 29 NY2d 882), which it was defendant's burden to rebut by establishing the existence of genuine appealable and reviewable issues (People v Glass, 43 NY2d 283, 287; People v Council, 162 AD2d 365, lv denied 76 NY2d 984). The reconstructed record shows that defendant offered no affirmative proof to rebut this presumption but only conjecture and supposition, and otherwise contains overwhelming indications of defendant's guilt. Accordingly, defendant is not entitled to a reversal of his conviction. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.