(May 16, 1996)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD MOORE, Appellant. [642 NYS2d 288] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered October 28, 1991, convicting defendant, after a jury trial, of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), and one count each of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), robbery in the first degree (Penal Law § 160.15 [2]), criminal possession of a weapon in the second degree (Penal Law § 265.03), criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), and assault in the first degree (Penal Law § 120.10 [1]), and sentencing him to concurrent terms of 25 years to life on the murder convictions, a consecutive sentence of $8^1/_3$ to 25 years on the attempted murder conviction, and lesser concurrent sentences on the other convictions, is unanimously affirmed.

Weighing all the evidence, the jurors had ample basis to credit the testimony of the two disinterested eyewitnesses and their in-court identifications of defendant, and to reject the testimony of defendant's girlfriend, who was clearly an interested witness (*People v Cruz*, 173 AD2d 320). While defendant's girlfriend was unable to corroborate her alibi testimony, the complaining witnesses offered consistent, logical testimony that was corroborated by police witnesses as well as ballistics, crime scene, medical and autopsy evidence. Conflicts in the testimony merely presented factual questions for the jury to resolve (*People v Jenkins*, 174 AD2d 379, *lv denied* 78 NY2d 968). Likewise, the People also provided strong and persuasive evidence from which the jury could reasonably conclude that defendant both personally aided the shooting of the second victim and intended that he be murdered.

With regard to the issue of whether the trial court impermissibly allowed the deliberating jurors to commingle and dine with the alternate jurors, as we noted in our earlier memorandum decision, in the absence of "substantial evidence" to the contrary, there is a presumption of regularity in criminal proceedings (*People v Richetti*, 302 NY 290, 298; *People v Harris*, 61 NY2d 9, 16), and mere supposition and conjecture are insufficient to rebut that presumption (*People v Garcia*, 203 AD2d 72, *lv denied* 83 NY2d 910). Further, it is defendant's

burden to demonstrate that a violation of CPL 310.10 has, in fact, occurred (*People v Fernandez,* 81 NY2d 1023; *People v Leon,* 209 AD2d 342, *lv denied* 84 NY2d 1034).

In the matter before us, a review of the minutes of the reconstruction hearing reveals absolutely no evidence that the jurors commingled with the alternates. Indeed, the evidence presented, if it demonstrates anything at all, is that the jurors were continually supervised by court officers throughout the lunch and dinner breaks in question. We also find, in view of the Court of Appeals' recent pronouncement, that the defendant's failure to object, or utter a word of protest, renders the issue at hand unpreserved for appellate review (*People v Agramonte,* 87 NY2d 765).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.