■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER CALDWELL, Appellant. [678 NYS2d 490] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered February 14, 1996, convicting defendant, after a jury trial, of arson in the second degree, attempted arson in the second degree and criminal mischief in the fourth degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years, 7½ to 15 years, and 1 year, respectively, unanimously affirmed.

Defendant's claim that the court should have received an "Unusual Occurrence Report" in evidence based upon the business record exception to the hearsay rule is unpreserved for appellate review (*see, People v Nieves*, 67 NY2d 125, 135-136), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant failed to lay the proper foundation for admission of the report (CPLR 4518 [a]; *People v Cratsley*, 86 NY2d 81, 89), having moved for its admission under a different hearsay exception.

Defendant's challenge to the Fire Marshal's expert testimony is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's curative actions adequately addressed the issue raised on appeal.

Review of the record reveals that the comments made by the court during *voir dire* about psychiatry did not convey to the prospective jurors that the court had any adverse opinion concerning defendant's affirmative defense of not guilty by rea-

son of mental disease or defect. In any event, any prejudice was prevented when the court issued an instruction on the matter in its preliminary charge, which the jury is presumed to have followed.

In charging the jury on circumstantial evidence and the damage element of arson in the second degree, the court properly explained the application of the law to the facts without any unfair marshaling (*People v Saunders*, 64 NY2d 665; *People v Jorge*, 181 AD2d 441, 442, *lv denied* 80 NY2d 833).

We have reviewed defendant's other claims and find them to be without merit. Concur—Sullivan, J. P., Rubin, Tom and Saxe, JJ.