■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN STEPHENS, Also Known as SHAWN STEPHEN, Also Known as STEPHEN SHAWN, Appellant. [682 NYS2d 398] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered October 24, 1997, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the parties selected a jury and two alternates, the court determined that it would use a third alternate, and suggested that prospective Juror 15 (incorrectly noted as Juror 13), a black woman, fill this role. The prosecutor then exercised a peremptory challenge as to Juror 15. Thereafter, the defense counsel asserted several *Batson* objections (*see, Batson v Kentucky,* 476 US 79), including an objection to the prosecutor's challenge to Juror 15. In response, the prosecutor provided explanations for the various jurors he had challenged, but conceded that he could not recall why he had challenged Juror 15.

After hearing the prosecutor's explanations, the court denied the defendant's *Batson* objections, and Juror 15 was excused. Since Juror 15 had been excused, the prosecutor then inquired as to whether the court still wanted to use a third alternate, and the court announced—with no objection from the defense counsel—that it would only use two alternates.

Subsequently, the trial was conducted, but no alternates were ever used. On appeal, the defendant claims, *inter alia,* that the judgment must be reversed because the prosecutor failed to articulate any reason for peremptorily challenging Juror 15. We disagree.

The record confirms that Juror 15 was being considered only for the position of third alternate juror. Although she was

excused upon the prosecutor's peremptory challenge, no alternate jurors were utilized at the defendant's trial. Indeed, the parties never even selected a third alternate since, prior to trial, and without objection from either party, the court decided that it needed only two. Under these circumstances, the prosecutor's peremptory challenge to Juror 15 did not in any way affect or impact upon the composition of the defendant's jury nor, indeed, did it affect the selection of those who had previously been empanelled to sit on the jury (*cf., People v Kern,* 75 NY2d 638, 650). Accordingly, the defendant's *Batson* claim must be rejected.

The defendant's remaining contentions are either unpreserved for appellate review or lacking in merit. Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.