■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LYNN, Appellant. [811 NYS2d 394]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered November 12, 2003, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third, fourth and seventh degrees, and unlawful possession of marijuana, and sentencing him, as a second felony offender, to an aggregate term of $4\frac{1}{2}$ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The evidence established defendant's possession of the drugs at issue inasmuch as he leased the premises in which the drugs were found and personally operated his business there (*see People v Manini*, 79 NY2d 561, 573 [1992]; *People v Torres*, 68 NY2d 677 [1986]; *People v Fetter*, 201 AD2d 500 [1994], *lv denied* 83 NY2d 967 [1994]). The jury was entitled to discredit defendant's testimony that he had relinquished control of the portion of the store in which the drugs were located to an alleged subtenant.

Defendant was not entitled to disclosure of the identity of a confidential informant (*see People v Goggins*, 34 NY2d 163 [1974], *cert denied* 419 US 1012 [1974]). The informant's possible testimony had no bearing on defendant's guilt or innocence, his only role being to confirm that drugs were being sold at the location (*see People v Allen*, 298 AD2d 856 [2002], *lv denied* 99 NY2d 579 [2003]).

Defendant's claim that he is entitled to a transcript of the *Darden* hearing is without merit. A summary report of the hearing suffices to raise any possible appellate issues (*see People v Darden*, 34 NY2d 177, 181 [1974]).

Since defendant requested submission of a lesser included offense on a completely different theory from the one he advances on appeal, his present argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see People v Negron*, 91 NY2d 788 [1998]). Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.