■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RICE, Appellant. [815 NYS2d 563]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered August 20, 2003, as amended January 11, 2006, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the second and third degrees and criminal possession of marijuana in the fourth degree, and sentencing him, as second felony offender, to concurrent terms of 6 years, 5 to 10 years and 1 year, respectively, unanimously affirmed.

Defendant, his wife, and his adult son were indicted for acting in concert in the possession of drugs. At a calendar appearance, in the presence of his own counsel, defendant handed his wife's attorney a notarized statement in which defendant claimed to have been the sole possessor of the drugs and sought to exculpate the others. Defendant also asked his own attorney to hand up a copy of this statement to the court, but defendant's attorney refused to do so. Defendant's wife's attorney kept the document and introduced it at trial, over defendant's objection, as a declaration against penal interest by defendant. The court apparently treated this statement as a party admission as well, and expressly relied upon it in finding defendant guilty. We conclude that the statement was admissible against defendant.

First, the record establishes that defendant spontaneously handed over the written statement to his wife's attorney. Accordingly, there was no violation of defendant's right to counsel (*see People v Gonzales*, 75 NY2d 938 [1990], *cert denied* 498 US 833 [1990]; *People v Harris*, 57 NY2d 335, 342 [1982], *cert denied* 460 US 1047 [1983]; *People v Rivers*, 56 NY2d 476, 479-480 [1982]). Moreover, defendant did so in the presence of his own counsel. He made a decision to help his wife and son while prejudicing his own case, and he should be bound by that decision, notwithstanding that it was against counsel's advice.

Defendant also argues that by accepting the document from defendant, his wife's attorney violated Code of Professional Responsibility DR 7-104 (a) (1) (22 NYCRR 1200.35 [a] [1]), which prohibits an attorney from communicating with a party known to be represented by counsel (*see Grievance Comm. for S. Dist. of N.Y. v Simels*, 48 F3d 640 [2d Cir 1995]; *In re Chan*, 271 F Supp 2d 539 [SD NY 2003]). We need not decide whether the attorney's passive receipt of an unsolicited paper handed to him by defendant rose to the level of such an unauthorized communication, since exclusion of the statement would not be an appropriate remedy in any event (*Stagg v New York City Health & Hosps. Corp.*, 162 AD2d 595, 596-597 [1990]; *United States v Dennis*, 843 F2d 652, 657 [2d Cir 1988]).

Finally, defendant argues that the statement was insuf-

ficiently reliable to qualify as a declaration against penal interest. Since the statement was defendant's own admission, it was admissible against him regardless of whether it qualified under some other hearsay exception. In any event, the reliability of the statement was established by independent evidence (see People v Settles, 46 NY2d 154, 169 [1978]).

The court properly denied defendant's request for disclosure of the identity of a confidential informant (see People v Goggins, 34 NY2d 163 [1974], cert denied 419 US 1012 [1974]). The information provided by the informant merely furnished a tip as to the presence of narcotics in the apartment two weeks before the charged crimes and had no bearing on whether defendant possessed the narcotics on the date he was arrested (see People v Lynn, 27 AD3d 381 [2006]; People v Allen, 298 AD2d 856 [2002], lv denied 99 NY2d 579 [2003]). The informant could, at most, have testified that only defendant's son was present on the described occasion. Since the People's theory was that defendant, his wife, and his son were jointly conducting a drug operation out of the apartment, the presence or absence of any of the alleged coconspirators on a single occasion was not particularly probative.

Defendant's argument concerning his waiver of his right to a jury trial is unpreserved (see People v Johnson, 51 NY2d 986 [1980]), and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Malone, JJ.