■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVE SHEPARD, Appellant. [914 NYS2d 135]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J., at initial informant disclosure application; Bruce Allen, J., at further application, jury trial and sentence), rendered October 31, 2008, convicting defendant of criminal sale of a controlled substance in the fourth degree, and sentencing him to a conditional discharge, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The police executed a no-knock search warrant at an apartment where defendant resided. As the police came through the door, the codefendant threw an opaque bag, later found to contain drugs, to defendant. Defendant immediately threw the bag out of a window. This evidence permitted the jury to reasonably infer that defendant knew the contents of the bag (*see generally People v Reisman*, 29 NY2d 278, 285-286 [1971], *cert denied* 405 US 1041 [1972]; *see also People v Alexander*, 37 NY2d 202, 204 [1975] [discarding of evidence upon approach of police evinces consciousness of guilt]). The jury's mixed verdict does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]).

The motion and trial courts properly denied defendant's requests for disclosure of the identity of a confidential informant (*see People v Goggins*, 34 NY2d 163 [1974], *cert denied* 419 US 1012 [1974]). Defendant sought to elicit from the informant that the codefendant, acting alone, made a series of drug sales to the informant at the apartment, resulting in the search warrant. To the extent that defendant is arguing that his nonparticipation in the sales tended to show that the drugs in the bag he threw out the window belonged to the codefendant, that argu-

ment is unavailing. The issue was not which defendant "owned" the drugs, but whether defendant knowingly possessed the drugs at the time he discarded them. Furthermore, defendant's lack of involvement in these sales had little or no probative value regarding his knowledge of the contents of the bag, and did not require disclosure of the informant's identity (*see People v Rice*, 30 AD3d 172, 174 [2006], *lv denied* 7 NY3d 817 [2006]). To the extent that defendant was attempting to establish that his lack of participation in the prior sales showed his lack of predisposition to commit the instant crime (*see People v Lawson*, 71 NY2d 950, 952 [1988]), it is equally impermissible. "Just as evidence of prior criminal conduct cannot be admitted as evidence-in-chief to establish a predisposition to commit the crime charged, evidence tending to establish that a defendant did not commit uncharged crimes is, because of its irrelevancy, similarly inadmissible as evidence-in-chief to establish that the defendant did not commit the charged crime" (*People v Johnson*, 47 NY2d 785, 786 [1979] [citations omitted]). The trial court properly precluded defendant from eliciting what the informant told an officer regarding the uncharged sales, since that testimony would have been both hearsay and irrelevant. In any event, defendant was not prejudiced by any of the rulings at issue, because the police testimony made it clear to the jury that the codefendant was the sole target of the investigation and search warrant. Accordingly, we find that none of these rulings violated defendant's right to confront witnesses and present a defense.

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and DeGrasse, JJ.