■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL PINERO, Appellant. [38 NYS3d 549]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered December 3, 2014, as amended January 28, 2015, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the credibility determinations. It is undisputed that the victim died as a result of being stabbed during an intense physical fight with defendant. That defendant intentionally stabbed the victim was abundantly established by the

eyewitness testimony of two disinterested bystanders who saw the victim falling to the ground immediately after defendant made a punching motion. In addition, the People's expert credibly testified that the victim's four stab wounds could have been caused by a person wielding a knife while standing in front of the victim, but would have been extremely unlikely to have been inflicted by the victim himself.

The court properly exercised its discretion in admitting the victim's statement that he had been stabbed pursuant to the present sense impression exception to the hearsay rule. The statement was spontaneously made, substantially contemporaneously with the stabbing, according to the trial testimony of the witnesses, and its reliability was adequately supported by corroborating evidence (*People v Adkinson*, 88 NY2d 561, 580 [1996]).

Defendant's contention that the court should have submitted criminally negligent homicide as a lesser included offense of second-degree murder is unpreserved, since defendant requested that charge on a different theory from the one he advances on appeal (*see People v Lynn*, 27 AD3d 381, 382 [1st Dept 2006], *lv denied* 7 NY3d 791 [2006]). We decline to review it in the interest of justice. In any event, since the court submitted manslaughter in the first degree as a lesser included offense of murder in the second degree, defendant's murder conviction "forecloses [his] challenge to the court's refusal to charge the remote lesser included offense[ ]" (*People v Boettcher*, 69 NY2d 174, 180 [1987]) of criminally negligent homicide.

Defendant's contention that the People failed to make a prima facie showing of discrimination in support of their reverse *Batson* claim is moot, since defense counsel stated what he thought were race- and gender-neutral reasons for striking the panelists at issue (*see Hernandez v New York*, 500 US 352, 359 [1991]; *People v Hecker*, 15 NY3d 625, 652 [2010], *cert denied sub nom. Black v New York*, 563 US 947 [2011]). Defendant's challenge to the grant of the People's reverse *Batson* claim as to an alternate juror is moot, since no alternates participated in the deliberation (*see People v White*, 297 AD2d 587 [1st Dept 2002], *lv denied* 99 NY2d 565 [2002]). Defendant's arguments concerning the procedures by which the court adjudicated the reverse *Batson* claim are unpreserved, since defense counsel did not specifically raise them at trial (*see People v James*, 99 NY2d 264, 272 [2002]; *People v Bruzzley*, 105 AD3d 576 [1st Dept 2013], *lv denied* 21 NY3d 1002 [2013]). Were we to review them, we would find them unavailing.

Defendant's contention that a prospective juror was excused without any basis is unpreserved. We reject defendant's contention that this was a mode of proceedings error not requiring preservation (*see People v Casanova*, 62 AD3d 88 [1st Dept 2009], *lv denied* 12 NY3d 852 [2009]; *see also People v Hopkins*, 76 NY2d 872, 873 [1990]; *cf. People v Ahmed*, 66 NY2d 307, 310 [1985]). We decline to review it in the interest of justice. As an alternative holding, we find that defendant fails to rebut the presumption of regularity (*see People v Glass*, 43 NY2d 283, 287 [1977]; *People v Garcia*, 203 AD2d 72 [1st Dept 1994], *lv denied* 83 NY2d 910 [1994]).

Defendant's contention that the court interfered with his right to counsel by barring his counsel from visiting his holding cell at the end of a Friday is unpreserved (*see People v Narayan*, 54 NY2d 106 [1981]), and we decline to review it in the interest of justice. Concur—Friedman, J.P., Saxe, Moskowitz, Gische and Kahn, JJ.