People v Thomas (2024 NY Slip Op 05036)

People v Thomas

2024 NY Slip Op 05036

Decided on October 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2024

Before: Kern, J.P., Oing, Kennedy, Higgitt, Michael, JJ. 

Ind. No. 3123/19 Appeal No. 2784 Case No. 2021-01223 

[*1]The People of the State of New York, Respondent,
v
Norwood Thomas, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Isabel Patkowski of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Caroline S. Williamson of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael J. Obus, J., at plea; Steven M. Statsinger, J., at sentencing), rendered April 7, 2021, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of six months incarceration and five years probation, unanimously affirmed.
Defendant failed to preserve his claim that his plea was invalid because he did not consent to the virtual plea proceeding or waive his right to be physically present (see People v Bonilla, 219 AD3d 1094, 1095 [3d Dept 2023], lv denied 40 NY3d 1038 [2023]; see generally People v Osbourne, 223 AD3d 632, 633 [1st Dept 2024], lv denied 37 NY3d 967 [2021]), and it does not come within the narrow exception to the preservation requirement (see People v Bush, 38 NY3d 66, 70-71 [2022]; People v Gaston, 209 AD3d 507, 507-508 [1st Dept 2022], lv denied 39 NY3d 1110 [2023]). We decline to review this claim in the interest of justice. As an alternative holding, we find that defendant, through his counsel, validly waived his right to be present and proceed virtually.
Defendant's further claim that the manner in which the virtual plea proceedings were conducted violated his right to confer with counsel privately is likewise unpreserved (see People v Umali, 10 NY3d 417, 423 [2008], cert denied 556 US 1110 [2009]; see also People v Pinero, 143 AD3d 428, 430 [1st Dept 2016], lv denied 29 NY3d 1000 [2017]). Defendant, who personally participated and asked questions numerous times throughout the proceeding, never asked to confer with counsel privately. There is no indication in the record that the court would have prevented defendant from conferring with his attorney privately had he asked to do so (see People v Diaz, 211 AD2d 402, 402 [1st Dept 1995], lv denied 85 NY2d 972 [1992]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2024