People v Everson (2025 NY Slip Op 04363)

People v Everson

2025 NY Slip Op 04363

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

504 KA 22-01655

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRY EVERSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SERVICE, SYRACUSE, BANASIAK LAW OFFICE, PLLC (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered September 13, 2022. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: In appeal No. 1, defendant was convicted following a jury trial of rape in the first degree (Penal Law former § 130.35 [1]) and burglary in the second degree (§ 140.25 [2]) and, in appeal No. 2, he was convicted following the same jury trial of burglary in the second degree (§ 140.25 [2]) and grand larceny in the fourth degree
(§ 155.30 [4]). The charges arose from two burglaries of residences that occurred three days apart. In the first burglary, defendant entered the residence of the victim (first victim) and stole a purse. In the second burglary, defendant entered the residence of the victim (second victim) and raped her.
In both appeals, defendant contends that Supreme Court erred in permitting the prosecution to exercise a peremptory challenge out of order. After the selection of 12 jurors, the prosecutor challenged for cause a prospective alternate juror, and the court denied that challenge. The prosecutor declined to exercise a peremptory challenge but, after defense counsel did not exercise a peremptory challenge with respect to that prospective alternate juror, the prosecutor stated that they would exercise a peremptory challenge. Defense counsel objected that it was "too late" for the People to do so, but after the prosecutor argued that they had tried to challenge the juror for cause, the court stated it would "allow . . . it."
Initially, we reject the People's assertion that the court in fact granted the People's challenge for cause with respect to the prospective alternate juror. Rather, the record supports defendant's contention that the court allowed the People to exercise a belated peremptory challenge. Both the People and defendant were given two peremptory challenges per alternate juror and, after the prosecutor exercised a peremptory challenge with respect to another prospective alternate juror, the court remarked that "the People have used their peremptories for the first alternate."
CPL 270.15 (2) provides that the People "must exercise their peremptory challenges first and may not, after the defendant has exercised [their] peremptory challenges, make such a challenge to any remaining prospective juror who is then in the jury box." Defendant, relying on, inter alia, People v Alston (88 NY2d 519, 529 [1996]) and People v De Conto (172 AD2d 684, 685 [2d Dept 1991], affd 80 NY2d 943 [1992]), contends that the court violated CPL 270.15 (2), thus requiring a reversal of the judgments of conviction. We conclude, however, that defendant's contention is moot inasmuch as "no alternates participated in the deliberation" (People v Pinero, [*2]143 AD3d 428, 429 [1st Dept 2016], lv denied 29 NY3d 1000 [2017]; see also People v Haardt, 129 AD3d 1322, 1322-1323 [3d Dept 2015]; People v Rivera, 7 AD3d 358, 359 [1st Dept 2004], lv denied 3 NY3d 741 [2004]). The failure to follow the procedure set forth in CPL 270.15 (2) with respect to the prospective alternate juror "did not in any way affect or impact upon the composition of the defendant's jury nor, indeed, did it affect the selection of those who had previously been empanelled to sit on the jury" (People v Stephens, 255 AD2d 532, 533 [2d Dept 1998], lv denied 92 NY2d 1039 [1998]). Defendant's contention that the alleged error was prejudicial because it may have impacted defense counsel's decision not to object to keeping two sworn jurors on the panel later in the trial is without merit. Any objection to the two sworn jurors continuing on the jury based on their passing remarks to a witness outside of the courtroom regarding the length of the court recess would not be likely to succeed inasmuch as the inquiry by the court showed that the jurors did not "engage[ ] in misconduct of a substantial nature" (CPL 270.35 [1]).
Defendant next contends with respect to both appeals that the court erred in refusing to strike the testimony of a detective who compared defendant's fingerprints to the ones recovered from the window at the residence of the first burglary, or to grant a mistrial or an adjournment, based on the People's failure to disclose certain materials that the detective relied on and generated in the course of his fingerprint analysis. The court found, and the People do not dispute, that the People failed to comply with CPL 245.20 (1) with respect to those materials. We conclude, however, that the court did not abuse its discretion in fashioning an appropriate sanction (see CPL 245.80 [1] [a]; People v Jenkins, 98 NY2d 280, 284 [2002]; People v Pugh, 236 AD3d 1298, 1298-1299 [4th Dept 2025]; People v Bookman, 224 AD3d 1269, 1270 [4th Dept 2024]). We reject defendant's contention that the only "appropriate and proportionate" remedy to the prejudice suffered by him (CPL 245.80 [1] [a]) would be striking the detective's testimony, an adjournment to potentially hire an expert to review the materials, or a new trial.
Defendant's contention with respect to both appeals that the search warrant was overbroad is not preserved for our review (see People v Myles, 216 AD3d 1419, 1421 [4th Dept 2023], lv denied 40 NY3d 936 [2023]; People v Navarro, 158 AD3d 1242, 1243-1244 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, we reject defendant's contention with respect to both appeals that the sentence is unduly harsh and severe.
All concur except Ogden, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent in both appeals inasmuch as I conclude that Supreme Court abused its discretion in denying defense counsel's request for an adjournment once it was revealed during trial that the prosecution's latent fingerprint examiner used documents that had not been turned over to the defense. Initially, I agree with the majority that defendant's contention concerning the search warrant is not preserved for our review (see People v Navarro, 158 AD3d 1242, 1244 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]).
At trial, once it was revealed that documents used by the latent fingerprint examiner had not been disclosed, defense counsel, inter alia, requested an adjournment of the trial. The court found that the People exercised due diligence, and it further determined that it would give an adverse inference charge concerning the fingerprint evidence. The trial continued without the requested adjournment.
CPL 245.80 (1) (a) provides: "When material or information is discoverable under this article but is disclosed belatedly, the court shall impose a remedy or sanction that is appropriate and proportionate to the prejudice suffered by the party entitled to disclosure. Regardless of a showing of prejudice the party entitled to disclosure shall be given reasonable time to prepare and respond to the new material."
The first sentence requires the court to impose a prejudice-based remedy or sanction (see CPL 245.80 [1] [a]). The second sentence requires that the court provide "reasonable time to prepare and respond to the new material" without regard for the prejudice suffered by the party entitled to disclosure (id.). The plain language of the statute is clear. In my view, the court failed to comply with the second requirement prescribed in CPL 245.80 (1) (a) when it denied defense counsel's request for an adjournment. Contrary to the conclusion reached by the majority, [*3]nothing in the plain language of the statute suggests that a court can fulfill its duty under the first sentence of CPL 245.80 (1) (a) and dispense with its duty under the second sentence.
Defendant contends that the adjournment was necessary to ensure fair process, and I agree. "The constitutional right to present a defense encompasses 'the right to put before a jury evidence that might influence the determination of guilt' " (People v Cerda, 40 NY3d 369, 377 [2023], quoting Taylor v Illinois, 484 US 400, 408 [1988]). As defense counsel argued at trial, the court's refusal impacted defense counsel's ability to effectively cross-examine the latent fingerprint examiner and also impacted defendant's decision to potentially secure an expert to rebut the latent fingerprint examiner's analysis. That error "deprived defendant of 'a meaningful opportunity to present a complete defense' " (People v Deverow, 38 NY3d 157, 168 [2022], quoting Crane v Kentucky, 476 US 683, 690 [1986]).
In my view, the error is not harmless. First, the evidence at trial was not overwhelming. Defendant testified at trial, and his testimony offered a competing narrative to the People's theory. Defendant was tried on six counts contained in two consolidated indictments relating to three separate burglaries. The jury found defendant not guilty of two counts, which related to one of the three burglaries. As a result, "there is no occasion for consideration of any doctrine of harmless error" (People v Mosley, 41 NY3d 640, 653 [2024]). In any event, even assuming, arguendo, that the proof of guilt is overwhelming as to some or all of the counts of which defendant was convicted, I conclude that the error still cannot be considered harmless because there is a reasonable possibility that the error contributed to defendant's conviction in each appeal (see id.; People v Crimmins, 36 NY2d 230, 237, 240-241 [1975]). I would therefore reverse the judgment in each appeal and grant a new trial on the four counts of which defendant was convicted (see Cerda, 40 NY3d at 378).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court