People v Brown (2026 NY Slip Op 01628)

People v Brown

2026 NY Slip Op 01628

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND GREENWOOD, JJ.

4 KA 22-01574

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vANDRELLO BROWN, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN E. MARKARIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered August 11, 2022. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant contends that County Court erred in denying his Batson challenge with respect to the prosecutor's exercise of a peremptory strike on a prospective juror. The prospective juror at issue was being examined for a position as an alternate juror, however, and no alternate jurors participated in deliberations. Under these circumstances, defendant's contention is moot (see People v Pinero, 143 AD3d 428, 429 [1st Dept 2016], lv denied 29 NY3d 1000 [2017]; People v Stephens, 255 AD2d 532, 533 [2d Dept 1998], lv denied 92 NY2d 1039 [1998]; see generally People v Everson, 240 AD3d 1343, 1344-1345 [4th Dept 2025]; People v Haardt, 129 AD3d 1322, 1322 [3d Dept 2015]).
Defendant's further contention that the evidence is legally insufficient to establish the elements of both offenses is unpreserved for our review inasmuch as his generic motion for a trial order of dismissal was not "specifically directed at the error[s] alleged on appeal" (People v Derby, 242 AD3d 1627, 1629 [4th Dept 2025] [internal quotation marks omitted]). In any event, "we necessarily review the evidence adduced as to each of the elements of [the] crime[s] in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Boyd, 234 AD3d 1331, 1332 [4th Dept 2025], lv denied 43 NY3d 1044 [2025] [internal quotation marks omitted]). Here, viewing the evidence in light of the elements of murder in the second degree and criminal possession of a weapon in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), including, contrary to defendant's contention, as to his intent to kill the victim (see People v Renaldo, 239 AD3d 1470, 1471 [4th Dept 2025], lv denied 44 NY3d 1013 [2025]; People v Broadnax, 52 AD3d 1306, 1307 [4th Dept 2008], lv denied 11 NY3d 830 [2008]).
Contrary to defendant's further contention, the court correctly denied defendant's request to charge the jury with the lesser included offenses of murder in the second degree on the theory that the jury could have concluded that he acted without the intent to kill. "To establish a charge on a lesser included offense, a defendant must show both that the greater crime cannot be committed without having concomitantly committed the lesser by the same conduct, and that a reasonable view of the evidence supports a finding that [they] committed the lesser, but not the greater, offense" (People v James, 11 NY3d 886, 888 [2008]). Under the circumstances of this case, we conclude that no reasonable view of the evidence supported a lesser intent (see People v [*2]Seeler, 63 AD3d 1595, 1596 [4th Dept 2009], lv denied 13 NY3d 838 [2009]; see generally People v Cruz, 221 AD3d 1423, 1428 [4th Dept 2023], lv denied 41 NY3d 1001 [2024]).
By failing to object at trial, defendant failed to preserve his further contention that the prosecutor engaged in misconduct by improperly impeaching the prosecution's own witness or eliciting testimony regarding a precluded exhibit (see generally People v Settles, 192 AD3d 1510, 1511 [4th Dept 2021], lv denied 37 NY3d 960 [2021]; People v Lewis, 140 AD3d 1593, 1595 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). By failing to object at the time of the testimony, defendant likewise failed to preserve his contention that the court erred in permitting testimony regarding an allegedly unduly prejudicial statement by defendant (see People v Jones, 224 AD3d 1348, 1350 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Turner, 197 AD3d 997, 998-999 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]).
Contrary to defendant's further contention, he did not receive ineffective assistance of counsel due to defense counsel's failure to move to preclude certain DNA evidence based on its allegedly delayed disclosure by the People because such a motion would have had little to no chance of success (see People v Raszl, 108 AD3d 1049, 1050 [4th Dept 2013]; see generally People v Wills, 224 AD3d 1329, 1330 [4th Dept 2024], lv denied 41 NY3d 1005 [2024]). We likewise reject defendant's contention that he received ineffective assistance of counsel due to defense counsel's allegedly ineffective investigation into a possibly exculpatory witness and the failure to call that witness at trial. The record reflects that defense counsel's investigation of the witness was reasonable (see People v Young, 167 AD3d 1448, 1449-1450 [4th Dept 2018], lv denied 33 NY3d 1036 [2019]) and that the decision against calling the witness was a strategic choice arising from risks the witness's testimony posed to the defense (see People v Morgan, 77 AD3d 1419, 1420 [4th Dept 2010], lv denied 15 NY3d 922 [2010]).
Contrary to defendant's further contention, the court did not err in refusing to suppress statements made to law enforcement after he was advised of his Miranda rights. Although the record reflects that defendant claimed to have only "one good ear" at one point during the interview, the record also reflects that defendant understood and acknowledged the Miranda warnings provided to him, and indeed "defendant . . . within [seconds] thereafter willingly answer[ed] questions during interrogation" (People v Rodriguez-Rivera, 203 AD3d 1624, 1626 [4th Dept 2022], lv denied 39 NY3d 942 [2022], lv denied 42 NY3d 1037 [2024] [internal quotation marks omitted]). Lastly, we conclude that the sentence is not unduly harsh or severe.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court