OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted, after a jury trial, of murdering his parents. His defense was predicated on the theory that at the time of the crime defendant suffered from a mental disease or defect which deprived him of the capacity to appreciate the criminal consequences of his conduct. After both sides rested, the court inquired whether defendant wanted an instruction on the affirmative defense of extreme emotional disturbance to reduce the two counts of murder in the second degree to the lesser included offense of manslaughter in the first degree
 
 (see,
 
 CPL 300.50 [1]). Counsel responded affirmatively.
 

 By the next day, however, defendant had a change of heart. Contrary to the advice of counsel, defendant informed the court that he only wanted three possible verdicts submitted to the jury under each murder count. Counsel advised the court that defendant mistakenly believed submission of the affirmative defense of extreme emotional disturbance would preclude a verdict of not guilty by reason of insanity. Counsel insisted that as defendant’s legal representative, he, not defendant, should decide what charges are to be requested.
 

 After several recesses, during which time counsel conferred with defendant at length, the court asked defendant whether he understood his attorney’s position and appreciated the severity of punishment under a conviction of murder in the second degree as compared to manslaughter in the first degree. The court specifically, asked defendant whether he was rejecting his attorney’s advice and instead wanted to limit the possible verdicts to guilty of murder in the second degree, not responsible by reason of mental disease or defect, or not guilty. Defendant responded affirmatively. Notwithstanding that a reasonable view of the evidence supported a charge on the af
 
 *963
 
 firmative defense of extreme emotional disturbance, the court obtained defendant’s verification that he did not want the jury to be so charged. Over defense counsel’s strong objections, the court ruled that defendant’s decision was determinative as between the two of them, and only three possible verdicts under each murder count would be submitted to the jury. On this appeal, defendant argues that the Trial Judge abrogated his Sixth Amendment right to counsel by allowing him to preempt counsel’s advice and trial strategy regarding the extreme emotional disturbance defense without conducting a "searching inquiry.”
 

 As between defendant and his counsel, the decision whether to request submission of the affirmative defense of extreme emotional disturbance to the jury falls to defendant. Manifestly, a verdict is dispositive of a defendant’s fate and, as this defendant recognized, the submission of the extreme emotional disturbance defense to the jury could indeed be determinative of the verdict. This is not unlike a defendant, who represented by counsel, retains the "ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify [on one’s] own behalf, or take an appeal”
 
 (Jones v
 
 Barnes, 463 US 745, 751;
 
 see also, People v White,
 
 73 NY2d 468, 478,
 
 cert denied sub nom. White v New York,
 
 493 US 859;
 
 People v Ferguson,
 
 67 NY2d 383, 390;
 
 cf.,
 
 ABA Standards for Criminal Justice, Defense Function, Standard 4-5.2 [a] [2d ed 1980 & 1986 Supp]).
 

 Defendant was attempting to minimize the risk of conviction, and strongly indicated that he was opposed to the submission of the affirmative defense. In this regard, his decision did not implicate a matter of trial strategy or tactics. As is evident from the colloquy between defendant and the Trial Judge, defendant perceived that charging the jury on both murder in the second degree and manslaughter in the first degree provided two opportunities for the jury to convict, and he calculated that eliminating consideration of manslaughter increased his chance for an acquittal.
 

 On appeal, defendant cannot complain that his miscalculation translates into a forced relinquishment of the right to counsel
 
 (see, People v Cabassa,
 
 79 NY2d 722, 730-731,
 
 cert denied sub nom. Lind v New York,
 
 506 US 1011). Not only did defendant’s counsel repeatedly and adamantly voice his disagreement with defendant’s decision but, as aptly noted by the Appellate Division, defense counsel continued his "active representation of defendant for the remainder of the trial” (202
 
 *964
 
 AD2d, at 524) subsequent to defendant’s request not to submit the defense of extreme emotional disturbance to the jury.
 

 Since it was clear that defendant was not forfeiting his Sixth Amendment right, the trial court was under no obligation to conduct a "searching inquiry”
 
 (see, People v Cabassa,
 
 79 NY2d, at 730, supra;
 
 cf., People v Slaughter,
 
 78 NY2d 485, 491). The trial court’s inquiry was aimed at establishing that defendant understood the nature of his request to limit the charges submitted to the jury. Satisfied that defendant understood, the trial court properly acceded to the request. That defendant now questions the wisdom of his decision cannot relieve him of the consequences of his request
 
 (accord, People v Baghai-Kermani,
 
 84 NY2d 525, 533).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.