■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDE JACOTIN, Appellant. [757 NYS2d 563] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered December 18, 2000, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to 15 years to life, unanimously affirmed.

It appears that counsel advised defendant that an extreme emotional disturbance (EED) defense under Penal Law § 125.25 (1) (a), if successful, would reduce second-degree murder to first-degree manslaughter, and that defendant would likely receive a sentence for EED manslaughter on the high end of the scale. On the basis of this advice, and because he believed that the two eyewitnesses to the charged stabbing would not appear to testify, defendant elected to forgo the EED defense. Consistent with this choice, counsel, who had previously obtained a CPL article 730 evaluation when he learned of defendant's psychiatric history, moved to suppress the identifications, delivered an opening statement telling the jury that the People do not always prove what they say and that defendant was innocent as evidenced by the lack of fingerprint evidence and his cooperation with police, and cross-examined witnesses. Then, after an eyewitness testified, dooming defendant's wait-and-see strategy, and after defendant became aware that a second eyewitness was present and would corroborate the first, defendant pleaded guilty based on the court's representation that it would likely impose the statutory minimum sentence notwithstanding the prosecutor's objections. Under these circumstances, defendant, who was asserting his innocence and would have been required, had he chosen to as-

sert EED and to present psychiatric evidence explaining or excusing his acts, to give pretrial written notice of such intent (CPL 250.10 [1] [b]; [2]), cannot complain that counsel was ineffective either for not preparing an EED defense or for not dissuading defendant from rejecting it (*see People v Petrovich*, 87 NY2d 961 [1996]; *see also People v Modica*, 64 NY2d 828 [1985]; *People v Baldi* 54 NY2d 137, 147 [1981]). We have considered defendant's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Lerner, Friedman and Gonzalez, JJ.