THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EPHRIAM A. WADE, Appellant. [832 NYS2d 734]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered July 11, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We reject defendant's contention that reversal is required based on County Court's refusal to disclose the identity of a confidential informant. "[T]he strongest case for disclosure is made out when it appears that the informant was an eyewitness or a participant in the alleged crime . . . . When[,] however[,] he [or she] has played a marginal part by, for instance, merely furnishing a tip or some information to the police, the privilege should prevail absent an extremely strong showing of relevance" (*People v Goggins*, 34 NY2d 163, 169-170 [1974], *cert denied* 419 US 1012 [1974]). Defendant failed to make that showing. Defendant was arrested in an apartment following a police officer's purchase of drugs at that location, and the confidential informant provided information concerning the presence of drugs in that apartment a week earlier. Thus, the information provided by the confidential informant had no bearing on the is-

sue whether defendant possessed drugs on the date of his arrest (*see People v Rice*, 30 AD3d 172 [2006], *lv denied* 7 NY3d 817 [2006]; *see generally People v Johnson*, 21 AD3d 1395 [2005], *lv denied* 5 NY3d 883 [2005]).

Contrary to the further contention of defendant, the court properly refused to admit in evidence the certificate of conviction of another person arrested at the crime scene inasmuch as the proffered evidence had only slight probative value and strong potential for undue prejudice and confusion (*see People v Primo*, 96 NY2d 351, 356-357 [2001]). Defendant failed to meet his burden of establishing that he was entitled to a missing witness charge with respect to a police officer. The record establishes that the officer's testimony would have been cumulative, and thus a missing witness charge was not warranted (*see People v Comfort*, 31 AD3d 1110, 1112 [2006], *lv denied* 7 NY3d 847 [2006]).

Finally, defendant contends that the court erred in permitting a police officer to provide expert testimony concerning the operation of drug houses in Rochester because the People failed to establish a foundation for the admission of that testimony (*see People v Radesi*, 11 AD3d 1007, 1008 [2004], *lv denied* 3 NY3d 760 [2004]). Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Hurlbutt, J.P., Gorski, Fahey, Peradotto and Green, JJ.