THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MALAUSSENA, Appellant. [842 NYS2d 444]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered September 6, 2005, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's request for an intoxication charge, since the evidence, viewed most favorably to defendant, was insufficient to cast doubt on his homicidal intent on that basis (*see People v Gaines*, 83 NY2d 925, 927 [1994]; *People v Rodriguez*, 76 NY2d 918, 920 [1990]; *People v Manning*, 1 AD3d 241 [2003], *lv denied* 1 NY3d 630 [2004]). While there was evidence of defendant's alcohol or cocaine consumption, there was no evidence that could raise a reasonable doubt as to whether his faculties were so impaired at the time of the crime that he could not have formed the requisite intent.

The court properly denied defendant's motion to suppress statements. His statements made prior to *Miranda* warnings were not the product of custodial interrogation, because a reasonable innocent person in defendant's position would not have thought he was in custody (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]; *People v Dillhunt*, 41 AD3d 216 [2007]). In any event, the only statements that defen-

dant made to the police prior to the administration of *Miranda* warnings had no inculpatory value within the context of the case (*see People v Prater*, 258 AD2d 600 [1999], *lv denied* 93 NY2d 1005 [1999]).

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves a matter outside the record concerning strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]) when his attorney requested the court to charge second-degree manslaughter as a lesser included offense, but not first-degree manslaughter. Counsel could have been employing a plausible strategy in seeking to limit the conviction to a class C felony in the event the jury did not find that he acted with intent to kill. Concur—Mazzarelli, J.P., Saxe, Sullivan, Catterson and Kavanagh, JJ. [*See* 9 Misc 3d 1110(A), 2005 NY Slip Op 51482(U).]