THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIO CRUZ, Appellant. [931 NYS2d 46]—

Defendant's ineffective assistance claims primarily involve matters outside the record concerning counsel's strategic choices and defendant's input into those choices (*see People v Love*, 57 NY2d 998 [1982]). Although defendant raised these claims in an unsuccessful CPL 440.10 motion, defendant's motion for leave to appeal to this Court was denied (*see* CPL 450.15 [1]; 460.15). Accordingly, while defendant's claims are cognizable on direct appeal, our review is limited to the trial record (*see People v Evans*, 16 NY3d 571, 575 [2011]). To the extent the trial record permits review, we conclude that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant has not shown "the absence of strategic or other legitimate explanations" for the various aspects of counsel's conduct challenged on appeal (*People v Rivera*, 71 NY2d 705, 709 [1988]). On the contrary, the trial record, including a detailed statement by counsel that defendant expressly ratified,

shows that counsel had a legitimate explanation for declining to pursue any defense that would have led to a manslaughter conviction, including extreme emotional disturbance or lack of homicidal intent. Defendant maintained his complete innocence, and his counsel appropriately respected his client's desire to pursue an all-or-nothing strategy (*see People v Petrovich*, 87 NY2d 961 [1996]; *People v Jacotin*, 304 AD2d 447 [2003], *lv denied* 100 NY2d 595 [2003]).

To the extent that there is any merit in defendant's other claims that counsel's performance was deficient, defendant cannot demonstrate that he was prejudiced, in light of his acknowledgment on appeal that his trial testimony was patently incredible and that his all-or-nothing defense had virtually no hope of success. Defendant's chosen defense was so implausible that it would have failed no matter how well his counsel investigated and tried the case.

Counsel also made a reasonable strategic choice when, rather than requesting a mistrial, he successfully moved for the replacement of two jurors who disparaged counsel during the trial. To the extent that, aside from the issue of ineffective assistance, defendant directly challenges the court's resolution of the incident of the two jurors, his arguments are unpreserved, waived and procedurally defective (*see People v Garcia*, 298 AD2d 107 [2002], *lv denied* 99 NY2d 558 [2002]), and we decline to review them in the interest of justice. Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.