SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**701**
**KA 12-01916**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

SEAN BARILL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered August 15, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, defendant's challenge is without merit (*see People v Wade*, 276 AD2d 406, 406, *lv denied* 96 NY2d 788; *see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Specifically, we conclude that the jury "did not fail to give the evidence the weight it should be accorded in rejecting defendant's justification defense" and thus that the verdict is not against the weight of the evidence in that respect (*People v Wolf*, 16 AD3d 1167, 1168; *see generally Bleakley*, 69 NY2d at 495). We note that defendant inflicted 41 knife wounds on the victim, there was little sign of a struggle although the victim's blood was found throughout defendant's apartment, and defendant had only small cuts on his fingers that were consistent with his hand slipping on a knife blade as he stabbed the victim, as well as a few scratches on his back. Furthermore, defendant took preliminary steps to conceal the crime by gathering some of the weapons and the clothing he wore during the incident,

and bundling those items in a rug. Defendant also wiped the victim's blood off some of the knives, took a shower, changed his clothes and fled the scene, and he then took another shower and had his girlfriend cut his hair. Contrary to defendant's contention that the jury should have credited his testimony that his actions were justified, " '[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses' " (*People v Sorrentino*, 12 AD3d 1197, 1197-1198, *lv denied* 4 NY3d 748).

Defendant's contentions with respect to the integrity of the grand jury proceedings are "not reviewable on appeal because the grand jury minutes are not included in the record on appeal" (*People v Dilbert*, 1 AD3d 967, 967-968, *lv denied* 1 NY3d 626; *see generally People v Hawkins*, 113 AD3d 1123, 1125, *lv denied* 22 NY3d 1156; *People v Lane*, 47 AD3d 1125, 1127 n 3, *lv denied* 10 NY3d 866; *People v Brooks*, 163 AD2d 864, 865, *lv denied* 76 NY2d 984).

We reject defendant's further contention that he was deprived of a fair trial by prosecutorial misconduct. Defendant contends, inter alia, that the prosecutor impermissibly cross-examined him regarding his interest in the outcome of the trial. It is well settled, however, that a defendant is an interested witness as a matter of law (*see e.g. People v Newman,* 107 AD3d 827, 827-828; *People v Wilson*, 93 AD3d 483, 484, *lv denied* 19 NY3d 978; *People v Williams*, 81 AD3d 993, 994, *lv denied* 16 NY3d 901), and the prosecutor's cross-examination merely established that fact. Defendant failed to preserve for our review his contention that, on summation, the prosecutor "improperly expressed his personal belief" with respect to the evidence (*People v Morris*, 267 AD2d 1032, 1033, *lv denied* 95 NY2d 800), and in any event that contention is without merit. Defendant's additional contentions with respect to prosecutorial misconduct are also without merit.

Contrary to defendant's further contention, Supreme Court properly denied his request for an intoxication charge. Defendant failed to present evidence "tending to corroborate his claim of intoxication, such as the number of drinks, the period of time during which they were consumed, the lapse of time between consumption and the event at issue, whether he consumed alcohol on an empty stomach, whether his drinks were high in alcoholic content, and the specific impact of the alcohol upon his behavior or mental state" (*People v Gaines*, 83 NY2d 925, 927). Consequently, although "there was evidence of defendant's alcohol . . . consumption, there was no evidence that could raise a reasonable doubt as to whether his faculties were so impaired at the time of the crime that he could not have formed the requisite intent" (*People v Malaussena*, 44 AD3d 349, 349, *affd* 10 NY3d 904).

Defendant further contends that the court erred in denying his request for a missing witness charge with respect to his girlfriend, who arrived at the scene of the crime after the stabbing. We reject that contention. "There are three preconditions to a missing witness instruction[.] First, the witness's knowledge must be material to the trial. Second, the witness must be expected to give noncumulative testimony favorable

to the party against whom the charge is sought . . . Third, the witness must be available to that party" (*People v Hall*, 18 NY3d 122, 131; *see People v Gonzalez*, 68 NY2d 424, 427).  The initial burden of establishing entitlement to the charge rests upon the party seeking the instruction (*see Gonzalez*, 68 NY2d at 427-428; *see generally People v Thomas*, 56 AD3d 1241, 1241; *People v Wade*, 38 AD3d 1315, 1316, *lv denied* 8 NY3d 992).  Here, in the absence of any evidence establishing that the witness was available to the People or would testify in their favor, "[d]efendant failed to meet his burden of establishing that he was entitled to a missing witness charge with respect to" his girlfriend (*Wade*, 38 AD3d at 1316).

Even assuming, arguendo, that defendant initially made a sufficient motion for a *Dunaway* hearing merely by mentioning the name of the case in his request for a *Huntley* hearing (*cf. People v Jones*, 95 NY2d 721, 725-729), we conclude that defendant abandoned that request because he "failed to seek a ruling on those parts of his omnibus motion concerning the alleged [*Dunaway*] violation . . . or to object to the admission of his statements in evidence at trial . . . on those grounds" (*People v Nix*, 78 AD3d 1698, 1699, *lv denied* 16 NY3d 799, *cert denied* ___ US ___, 132 S Ct 157; *see People v Wright*, 107 AD3d 1398, 1400; *People v Smith*, 13 AD3d 1121, 1122, *lv denied* 4 NY3d 803; *see generally People v Rodriguez*, 50 NY2d 553, 557).

The sentence is not unduly harsh or severe.  We have considered defendant's remaining contentions and conclude that they are without merit.