People v Ortiz (2018 NY Slip Op 08845)





People v Ortiz


2018 NY Slip Op 08845


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1337 KA 15-02050

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY S. ORTIZ, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered June 2, 2015. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), assault in the second degree (§ 120.05 [2]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), defendant contends that he was deprived of effective assistance of counsel because defense counsel failed to ask County Court to instruct the jury on a justification defense and objected to the prosecutor's request that the jury be charged with manslaughter in the first degree (§ 125.20 [1]) as a lesser included offense of murder in the second degree. We reject that contention.
"[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Benevento, 91 NY2d 708, 712 [1998]), and defendant failed to meet that burden here (see People v Hicks, 110 AD3d 1488, 1489 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]). Although there was a reasonable view of the evidence that defendant was justified in shooting one of the victims, who was chasing defendant as he fled a violent brawl, defense counsel chose instead to pursue a misidentification defense. "Each defense theory available to defendant posed its own challenges, and the choice of one, instead of the other, was not determinative of the verdict' " (People v Clark, 28 NY3d 556, 564 [2016], quoting People v Petrovich, 87 NY2d 961, 963 [1996]). Further, "the misidentification theory had the potential to achieve defendant's acquittal on all charges," whereas a successful justification defense under the circumstances here "would only have resulted in acquittal on the murder charge" (id.). Therefore, defense counsel's decision to advance the misidentification defense "was consistent with strategic decisions of a reasonably competent attorney" (Benevento, 91 NY2d at 712 [internal quotation marks omitted]). Defendant also failed to demonstrate the lack of a strategic basis for defense counsel's alleged ineffectiveness in objecting to the prosecutor's request that the jury be instructed on the lesser included offense of manslaughter in the first degree (see generally People v Malaussena, 44 AD3d 349, 350 [1st Dept 2007], affd 10 NY3d 904 [2008]). Thus, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation," establish that defendant received meaningful representation (People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court