(January 23, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DONES, Appellant. [720 NYS2d 101] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered July 15, 1997, convicting defendant, after a jury trial, of assault in the first degree, attempted assault in the second degree and unlawful imprisonment in the second degree, and sentencing him to concurrent terms of 4 to 12 years, 1 to 3 years, and 1 year, respectively, and judgment, same court and Justice, rendered January 9, 1998, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a concurrent term of 20 years to life, unanimously affirmed.

With respect to defendant's assault conviction, the court properly denied his motion to suppress identification testimony. The People clearly established that defendant and the witness who identified him as the perpetrator had a sufficient relationship prior to the incident so that suggestiveness was not a concern (*see, People v Rodriguez*, 79 NY2d 445). The witness knew defendant for a period of years, saw him at least once a week, interacted socially with him, and knew him by name.

Defendant was properly convicted of attempted assault in the second degree in that the evidence warranted the conclusion that defendant used an umbrella in a manner that rendered it a dangerous instrument (*see, People v Carter*, 53 NY2d 113).

The verdict of murder in the second degree was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's homicidal intent could be inferred from evidence that defendant plunged a knife deep into the victim's chest, in the direction and close vicinity of vital organs (*see, People v Suero*, 235 AD2d 357, *lv denied* 89 NY2d 1101).

Defendant's challenges to the prosecutor's summation during the murder trial are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged statements did not improperly inflame the emotions of the jury or deprive defendant of a fair trial. Concur—Sullivan, P. J., Rosenberger, Tom, Ellerin and Friedman, JJ.