■ The People of the State of New York, Respondent, v Leighton Nelson, Appellant. [811 NYS2d 65]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered November 19, 2003, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years and five years, respectively, unanimously affirmed.

After an adequate inquiry, the court properly denied defendant's request for replacement of his retained counsel by assigned counsel, made as jury selection was about to commence, since defendant did not establish good cause for such relief (*see People v Linares*, 2 NY3d 507 [2004]). We reject defendant's argument that, in order to avoid a conflict of interest, the court should have appointed new counsel for the change-of-counsel application. Counsel's remarks outlining his efforts on his client's behalf cannot be compared to a situation where an attorney becomes a witness against his client by providing damaging factual information upon which the court relies in deciding an application such as a plea withdrawal motion (*see People v Rozzell*, 20 NY2d 712 [1967]). By contrast, when a defendant requests new counsel, a court should be able, without the delay that would be entailed by bringing in another attorney, to make inquiries of counsel in order to ensure that the defendant is receiving effective representation. In any event, in this case, it is clear that counsel's remarks played no role in the court's decision.

Defendant's remaining argument requires preservation (*see People v Agramonte*, 87 NY2d 765, 767-770 [1996]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal. Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Sweeny, JJ.