THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MASSEY, Appellant. [877 NYS2d 589]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered December 7, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject the contention of defendant that the evidence is legally insufficient to disprove his justification defense (*see generally People v Danielson*, 9 NY3d 342, 349 [2007]). Although in his statement to the police defendant asserted that the victim brandished a knife during the altercation and thus may have died from self-inflicted wounds, three eyewitnesses testified to the contrary. We thus conclude with respect to legal sufficiency that the People met their burden of disproving defendant's justification defense beyond a reasonable doubt, i.e., they presented legally sufficient evidence establishing that the victim did not brandish the knife during the altercation and that defendant's use of deadly force was not justified (*see* Penal Law § 25.00 [1]; *see generally Danielson*, 9 NY3d at 349). We further conclude that the jury "did not fail to give the evidence the weight it should be accorded in rejecting defendant's justification defense" and thus that the verdict is not against the weight of the evidence in that respect (*People v Wolf*, 16 AD3d 1167 [2005]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). " '[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses' " (*People v Sorrentino*, 12 AD3d 1197, 1197-1198 [2004], *lv denied* 4 NY3d 748 [2004]).

Contrary to the further contention of defendant, the evidence is legally sufficient to establish his intent to kill the victim. Such intent "may be inferred from defendant's conduct as well as the circumstances surrounding the crime" (*People v Price*, 35

AD3d 1230, 1231 [2006], *lv denied* 8 NY3d 926 [2007]). Here, "[d]efendant's homicidal intent could be inferred from evidence that defendant plunged a knife deep into the victim's chest, in the direction and close vicinity of vital organs" (*People v Dones*, 279 AD2d 366, 366 [2001], *lv denied* 96 NY2d 799 [2001]). In addition, viewing the evidence in light of the elements of the crime of murder as charged to the jury (*see Danielson*, 9 NY3d at 349), we conclude that the verdict with respect to the element of intent is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Contrary to defendant's further contention, Supreme Court properly admitted in evidence the victim's identification of defendant and the statement of the victim that he had been stabbed under the excited utterance exception to the hearsay rule (*see People v Johnson*, 1 NY3d 302, 306 [2003]; *People v Cotto*, 92 NY2d 68, 78-79 [1998]). In any event, the identification and statement were admissible hearsay under the present sense impression exception (*see People v Brown*, 80 NY2d 729, 732 [1993]). Defendant failed to preserve for our review his contention that the court's ultimate *Sandoval* ruling constitutes an abuse of discretion (*see People v Robles*, 38 AD3d 1294, 1295 [2007], *lv denied* 8 NY3d 990 [2007]), and in any event that contention is without merit (*see generally People v Williams*, 56 NY2d 236, 238-239 [1982]). Finally, the sentence is not unduly harsh or severe. Present— Scudder, P.J., Martoche, Fahey, Peradotto and Green, JJ.