■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY D. GUTEK, Appellant. [58 NYS3d 164]—

Peters, P.J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 16, 2014, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

Pursuant to a plea agreement, defendant pleaded guilty to the reduced charge of attempted robbery in the first degree in satisfaction of an indictment charging him with robbery in the first degree. The charge stems from defendant's actions in forcibly stealing cash from a gas station clerk while threatening to use a tire iron. Defendant was adjudicated a second felony offender and, consistent with the plea agreement, County Court imposed a prison sentence of six years with five years of postrelease supervision. Defendant appeals.

Defendant contends that County Court erred in denying his requests to assign substitute counsel. Defendant first raised this issue at a preindictment appearance, claiming that he had lost trust in his assigned public defender and that counsel had made statements indicating that he would not be acting in defendant's best interests. County Court (Cawley, J.) inquired into the nature of defendant's complaints and, citing counsel's extensive experience before the court in criminal matters and finding no basis for substitution, denied the request. Defendant again requested substitute counsel at a postindictment appearance, claiming that counsel was not helping him or acting in

his interests. After conducting a thorough inquiry into the matter, County Court (Smith, J.) denied the request.

While a criminal defendant is entitled to the effective assistance of counsel and to the assignment of counsel if indigent (*see People v Smith*, 18 NY3d 588, 592 [2012]), this "does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides*, 75 NY2d 822, 824 [1990]). To be entitled to substitute counsel, defendant must demonstrate "good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel" (*id.* [internal quotation marks and citation omitted]). "Good cause determinations are necessarily case-specific and therefore fall within the discretion of the trial court" (*People v Smith*, 18 NY3d at 592 [citation omitted]). When assessing whether an appointment of new counsel is warranted, the court may consider a variety of factors, including "whether present counsel is reasonably likely to afford a defendant effective assistance" (*id.* [internal quotation marks and citation omitted]; *see People v Linares*, 2 NY3d 507, 510 [2004]).

Here, County Court appropriately inquired into defendant's preindictment and postindictment requests and determined that he failed to proffer good cause for a substitution. With regard to defendant's preindictment request for new counsel in which he alleged that counsel made certain statements to him, County Court (Cawley, J.) ascertained that counsel was capable of representing defendant and, despite counsel's hesitation to factually contradict his client, elicited counsel's assurance that he was representing defendant to the best of his ability. In response to defendant's postindictment request, County Court (Smith, J.) pressed counsel for a response to defendant's allegations. Counsel denied the factual assertions but, importantly, did not take a position adverse to defendant on his request for substitute counsel or otherwise, and no conflict of interest arose therefrom (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v Tyler*, 130 AD3d 1383, 1385 [2015]). Despite multiple diligent inquiries by the court into the basis for defendant's requests, he failed at any point to articulate a specific conflict of interest or actual irreconcilable conflict with counsel that affected counsel's representation so as to warrant assigning new counsel (*see People v Smith*, 18 NY3d at 593; *People v Linares*, 2 NY3d at 511; *People v Morehouse*, 140 AD3d 1202, 1203 [2016], *lv denied* 28 NY3d 934 [2016]; *cf. People v Sides*, 75 NY2d at 824-825). Thus, the court's denial of defendant's requests for the substitution of counsel was a provident exercise of discretion.

Finally, we have examined defendant's argument that the sentence was harsh and excessive given his limited criminal history, employment record and acceptance of responsibility, and are not persuaded. The second felony offender sentence was just above the minimum permitted for this class C violent felony (*see* Penal Law §§ 70.02 [1] [b]; 70.06 [6] [b]) and substantially less than the potential sentence if he were convicted as charged in the indictment (*see* Penal Law §§ 70.02 [1] [a]; 70.06 [6] [a]). Given the nature of this crime and the favorable plea deal, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (*see People v Melton*, 136 AD3d 1069, 1070 [2016], *lv denied* 27 NY3d 1002 [2016]).

McCarthy, Egan Jr., Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.