People v Lanier (2018 NY Slip Op 00864)





People v Lanier


2018 NY Slip Op 00864


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

107885

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EMMETT LANIER, Appellant.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Paul R. Corradini, Elmira, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Jordan J. Yorke of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered June 26, 2015, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.
In February 2015, defendant, a prison inmate, was charged in an indictment with promoting prison contraband in the first degree [FN1]. The charge stemmed from his possession of a 5½-inch by
1&frac18;-inch plexiglas shank wrapped with masking tape on one end as a handle and sharpened to a point on the other end. At his arraignment, defendant informed County Court that he was dissatisfied with counsel and requested a new attorney. During the ensuing colloquy, County Court entertained defendant's reasons for requesting new counsel and ultimately denied defendant's request. Thereafter, pursuant to a plea agreement, defendant pleaded guilty to promoting prison contraband in the first degree in exchange for a sentencing commitment from County Court. Consistent with the terms of the plea agreement and that commitment, County [*2]Court sentenced defendant, as a second felony offender, to a prison term of 2 to 4 years. Defendant now appeals.
We affirm. We find no merit to defendant's contention that County Court failed to conduct an adequate inquiry before denying his request for substitute counsel. "While a criminal defendant is entitled to the effective assistance of counsel and to the assignment of counsel if indigent, this does not encompass a right to appointment of successive lawyers at defendant's option" (People v Gutek, 151 AD3d 1281, 1282 [2017] [internal quotation marks and citations omitted]; see People v Sides, 75 NY2d 822, 824 [1990]; People v Brown, 154 AD3d 1004, 1005 [2017]). "[A] defendant may be entitled to new assigned counsel upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel" (People v Brown, 154 AD3d at 1005 [internal quotation marks and citations omitted]; see People v Sides, 75 NY3d at 824; People v Gutek, 151 AD3d at 1282). "'Good cause determinations are necessarily case-specific and therefore fall within the discretion of the trial court'" (People v Smith, 18 NY3d 588, 592 [2012], quoting People v Linares, 2 NY3d 507, 510 [2004]; accord People v Gutek, 151 AD3d at 1282). "When assessing whether an appointment of new counsel is warranted, the court may consider a variety of factors, including whether present counsel is reasonably likely to afford a defendant effective assistance" (People v Gutek, 151 AD3d at 1282 [internal quotation marks and citations omitted]; see People v Smith, 18 NY3d at 592; People v Brown, 154 AD3d at 1005).
Here, defendant's request for substitute counsel was predicated upon his claim that his assigned counsel failed to adequately protect his constitutional rights insofar as double jeopardy purportedly attached when the original indictment in this matter was dismissed. In response to his request, County Court afforded defendant an opportunity to articulate his precise concerns about defense counsel, and, after engaging in a colloquy with defendant regarding those concerns, explained to him that his counsel was effective in obtaining dismissal of a previous indictment, that defendant was subsequently afforded his right to testify before the grand jury on the current indictment and that no double jeopardy issue existed. Even assuming, as defendant contends, that he, and not his assigned counsel, filed the CPL 190.50 motion that resulted in the dismissal of the original indictment in this case, defendant nevertheless failed to demonstrate how counsel was ineffective (cf. People v Cherry, 149 AD3d 1346, 1346 [2017], lv denied 29 NY3d 1124 [2017]; People v Wright, 5 AD3d 873, 874-875 [2004], lv denied 3 NY3d 651 [2004]) or to otherwise articulate a specific conflict of interest or actual irreconcilable conflict with counsel that affected counsel's representation so as to warrant assignment of new counsel (see People v Smith, 18 NY3d at 593; People v Gutek, 151 AD3d at 1282). Accordingly, we find that, under the circumstances presented here, County Court's denial of defendant's request for substitution of counsel was a provident exercise of its discretion (see People v Smith, 18 NY3d at 593; People v Linares, 2 NY3d at 511).
Garry, P.J., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The record reflects that, although a prior indictment in this matter was dismissed because it was obtained in violation of defendant's statutory right to testify before the grand jury (see CPL 190.50 [5] [a]), he was subsequently afforded the right to testify before the grand jury on the current indictment.