People v Callender (2018 NY Slip Op 05638)





People v Callender


2018 NY Slip Op 05638


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

109008

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
RENE R. CALLENDER, Appellant.

Calendar Date: June 11, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Cliff Gordon, Monticello, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered November 30, 2016, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.
In full satisfaction of a two-count indictment and other pending charges, defendant agreed to plead guilty to the reduced charge of attempted robbery in the second degree with the understanding that he would be sentenced to three years in prison followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant thereafter pleaded guilty to the reduced charge, which entailed him displaying a knife while attempting to procure money from a local merchant, and the matter was adjourned for sentencing — at which time, County Court indicated, the waiver of the right to appeal would be addressed. Following, among other things, defendant's execution of a written waiver of appeal, County Court imposed the agreed-upon sentence. Defendant now appeals.
The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal was invalid. "Only a passing reference was made to the waiver prior to defendant pleading guilty, and at no time during the plea colloquy did County Court explain either the nature of the waiver or the separate and distinct rights being forfeited thereby" (People v Borden, 91 AD3d 1124, 1125 [2012] [citation omitted], lv denied 19 NY3d 862 [2012]). Additionally, neither the ensuing discussion at the time of sentencing nor the written waiver of appeal that defendant ultimately executed demonstrates that defendant understood the contents of the waiver, the nature of the right being forfeited or the consequences thereof (see People v Haenelt, 161 AD3d 1489, 1489 [2018]; People v Ortiz, 153 AD3d 1049, 1049 [2017]). Under these circumstances, defendant did not knowingly, intelligently and voluntarily waive his right to appeal (see e.g. People v Herbert, 147 AD3d 1208, 1208-1209 [2017]).
In light of the invalid waiver, defendant's challenge to the severity of the sentence imposed is not precluded (see People v Steenberg, 161 AD3d 1453, 1453-1454 [2018]). That [*2]said, we find his claim to be without merit. "Given the nature of this crime and the favorable plea deal, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice" (People v Gutek, 151 AD3d 1281, 1283 [2017] [citation omitted]; see People v Gillespie, 19 AD3d 878, 878 [2005]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.