Matter of Albiery R.E. (2019 NY Slip Op 08601)





Matter of Albiery R.E.


2019 NY Slip Op 08601


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


10478

[*1] In re Albiery R.E., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Janet E. Sabel, The Legal Aid Society, New York (John A. Newbery of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Jamison Davies of counsel), for presentment agency.



Order of disposition, Family Court, New York County (Adetokunbo O. Fasanya, J.), entered on or about April 20, 2018, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he had committed acts that, if committed by an adult, would constitute the crimes of attempted robbery in the first degree, criminal possession of a weapon in the fourth degree and assault in the third degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.
The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-49 [2007]). There is no basis for disturbing the court's determinations concerning credibility. The evidence supported conclusions that appellant's use of force and demand for money constituted a single incident of attempted robbery, that appellant caused "more than slight or trivial pain" to the victim (People v Chiddick, 8 NY3d 445, 447 [2007]), and that appellant used a metal part of a broken umbrella in a manner that rendered it a dangerous instrument (see People v Dones, 279 AD2d 366, 366 [1st Dept 2001], lv denied 96 NY2d 799 [2001]).
In the course of challenging the sufficiency and weight of the evidence, and arguing that the petition should be dismissed on that basis, appellant also makes several claims of procedural or evidentiary error. However, none of these claims warrant a finding that the evidence was insufficient or that the finding was against the weight of the evidence, nor do these claims otherwise require reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK