People v Avent (2019 NY Slip Op 09151)





People v Avent


2019 NY Slip Op 09151


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


1099 KA 17-01484

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN AVENT, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered June 21, 2017. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment that convicted him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]). Defendant's contention that the evidence is legally insufficient to establish his intent to kill the victim is unpreserved because his motion for a trial order of dismissal was not " specifically directed' at the error being urged" on appeal (People v Hawkins, 11 NY3d 484, 492 [2008]; see People v Sanders, 171 AD3d 1460, 1461 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude " that the jury failed to give the evidence the weight it should be accorded' " (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018]). Indeed, defendant "stabbed the victim in the neck with a knife, and the jury was permitted to infer the requisite intent from the facts and circumstance of the killing itself" (People v Marzug, 280 AD2d 974, 974 [4th Dept 2001], lv denied 96 NY2d 904 [2001]; see People v Massey, 61 AD3d 1433, 1433-1434 [4th Dept 2009], lv denied 13 NY3d 746 [2009]; People v Dones, 279 AD2d 366, 366 [1st Dept 2001], lv denied 96 NY2d 799 [2001]).
We reject defendant's contention that County Court erred in denying his alleged request for substitution of counsel. Even assuming, arguendo, that defendant's complaints regarding a purported disagreement he had with defense counsel could be construed as a request for substitute counsel, we conclude that defendant "did not establish a serious complaint concerning defense counsel's representation and thus did not suggest a serious possibility of good cause for substitution [of counsel]" (People v Bennett, 94 AD3d 1570, 1571 [4th Dept 2012], lv denied 19 NY3d 994 [2012], reconsideration denied 19 NY3d 1101 [2012] [internal quotation marks omitted]). Moreover, defendant abandoned any purported request for substitution of counsel inasmuch as he repeatedly stated in response to questioning by the court that he was ready to proceed to trial with defense counsel, notwithstanding the court's offer to grant a 24-hour adjournment to allow defendant to discuss the situation with defense counsel (see id.; People v Clark, 24 AD3d 1225, 1226 [4th Dept 2005], lv denied 6 NY3d 832 [2006]).
We also reject defendant's contention that defense counsel took an adverse position to defendant and became a witness against him by explaining his performance in response to defendant's general complaints about defense counsel. Defense counsel's explanations did not create a conflict of interest requiring the court to appoint new counsel (see People v Nelson, 7 [*2]NY3d 883, 884 [2006]; People v Gutek, 151 AD3d 1281, 1282 [3d Dept 2017]), and defendant otherwise failed to articulate any "specific conflict of interest or actual irreconcilable conflict with counsel that affected counsel's representation so as to warrant assigning new counsel" (Gutek, 151 AD3d at 1282).
Defendant further contends that the court erred in denying his motion for a mistrial based on a juror's alleged failure to disclose a medical condition during voir dire. We reject that contention. During the trial, one of the impaneled jurors had a seizure and was taken to a nearby hospital. The court adjourned the trial for the remainder of the day. The next morning, the court contacted the juror via telephone and, after the juror informed the court that his doctors had advised him against returning to jury duty, replaced him with an alternate juror (see CPL 270.35). Contrary to defendant's contention, there was no evidence that the juror was aware of his medical condition during voir dire, and therefore there was no basis for concluding that he withheld his condition from the court and parties (cf. People v Southall, 156 AD3d 111, 119-121 [1st Dept 2017], lv denied 30 NY3d 1120 [2018]; see generally People v Rodriguez, 100 NY2d 30, 34 [2003]).
We reject defendant's contention that he was denied effective assistance of counsel based on the alleged inadequacy of defendant's CPL 330.30 motion papers. "A defendant is not denied effective assistance of . . . counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see People v Joslyn, 103 AD3d 1254, 1256 [4th Dept 2013], lv denied 21 NY3d 944 [2013]). Contrary to defendant's further contention, we conclude that defendant was not deprived of effective assistance of counsel at sentencing. "In general, a defense counsel's inability to persuade a sentencing court to impose a lighter sentence does not constitute ineffective assistance of counsel" (People v Smith, 300 AD2d 745, 746 [3d Dept 2002], lv denied 99 NY2d 620 [2003]). Here, defense counsel reviewed the presentence report, reiterated defendant's position that he was innocent, asked the court to consider the allegations raised in defendant's CPL 330.30 motion in considering its sentence, and asked the court "to consider the lower end of the scale." "Because defendant continued to deny all knowledge and responsibility related to the crime, he left counsel with little choice other than to reiterate defendant's position at trial" (People v Carver, 27 NY3d 418, 421 [2016]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court