People v Cambronae (2020 NY Slip Op 01253)





People v Cambronae


2020 NY Slip Op 01253


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11076 2733/11

[*1] The People of the State of New York, Respondent,
v
Katia Cambronae, etc., Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Will A. Page of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Waleska Suero Garcia of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Joseph J. Dawson, J.), rendered March 26, 2015, convicting defendant, after a jury trial, of assault in the second degree, and sentencing her to five years' probation, unanimously affirmed.
Defendant's claim that her counsel was ineffective for failing to request a justification charge is unreviewable on direct appeal, because it involves matters of strategy not reflected in the record (see e.g. People v Perez, 123 AD3d 592 [1st Dept 2014], lv denied 25 NY3d 1169 [2015]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708 [1998]; Strickland v Washington, 466 US 668 [1984]). The record does not establish that trial counsel's choice of defenses was unreasonable or prejudicial.
The court providently exercised its discretion in denying defendant's belated request to testify, made for the first time late in jury deliberations (see People v Olsen, 34 NY2d 349, 353-354 [1974]). The court was not obligated to appoint a new attorney to represent defendant in connection with that request. Defendant asserted that her counsel had "made the decision," against her wishes, that she would not testify. However, counsel clarified that what actually happened was that he dissuaded defendant from testifying (see People v Perry, 266 AD2d 151, 151-152 [1st Dept 1999], lv denied 95 NY2d 856 [2000]), and that defendant had agreed with counsel's advice. This clarification did not create a conflict of interest requiring the court to appoint new counsel on the application to testify (see e.g. People v Nelson, 27 AD3d 287 [1st Dept 2006], affd 7 NY3d 883 [2006]).
We have considered and rejected defendant's remaining claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK