People v Boldt (2020 NY Slip Op 04284)





People v Boldt


2020 NY Slip Op 04284


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1200 KA 19-00378

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN E. BOLDT, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MOLLIE DAPOLITO OF COUNSEL), DAVISON LAW OFFICE PLLC, FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered February 6, 2019. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Ontario County Court for further proceedings pursuant to CPL 460.50 (5).
Memorandum: In July 2015, defendant pleaded guilty to two counts of felony driving while intoxicated (DWI) (Vehicle and Traffic Law
§§ 1192 [2], [3]; 1193 [1] [c] [i] [A]) and one count of felony driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs (DWAI) (§§ 1192 [4-a]; 1193 [1] [c] [i] [A]). County Court sentenced defendant to six months of imprisonment and five years of probation on each count. Several years later, after serving the imprisonment portion of his sentence, defendant admitted that he had violated the conditions of his probation. He now appeals from a judgment that revoked his sentence of probation and sentenced him to concurrent indeterminate terms of imprisonment. We affirm.
As a preliminary matter, although the notice of appeal states that defendant is appealing "from a guilty plea" and "his sentence, thereupon," we exercise our discretion to treat the appeal as taken from the judgment revoking defendant's sentence of probation and imposing a sentence of imprisonment (see CPL 460.10 [6]; see generally People v Hennigan, 145 AD3d 1528, 1528 [4th Dept 2016], lv denied 29 NY3d 998 [2017]).
Defendant contends that his original sentence was not a traditional split sentence under Penal Law § 60.01 (2) (d). It is his position that the court imposed a sentence under section 60.21 with respect to the DWI counts and, because he believes that the court ordered that the sentences imposed on each count were to run concurrently with each other, defendant also takes the position that the court effectively directed that the period of probation was to run consecutively to the period of imprisonment for each count, including the DWAI count. Courts have held that, where a defendant is originally sentenced pursuant to section 60.21 and then later violates the terms of his or her probation or conditional discharge after fully serving his or her term of incarceration, the defendant cannot be sentenced to an additional term of incarceration without violating the rule against multiple punishments for the same offense (see People v Arvidson, 159 AD3d 1198, 1198-1199 [3d Dept 2018]; People v Zirbel, 159 AD3d 1545, 1546-1547 [4th Dept 2018]; People v Coon, 156 AD3d 105, 106-108 [3d Dept 2017], lv denied 31 NY3d 1080 [2018]; see generally People v Biggs, 1 NY3d 225, 228-229 [2003]). Defendant thus contends that, inasmuch as he completed the imprisonment portion of his original sentence, the court was not authorized to impose an additional sentence of imprisonment upon his admission that he violated the conditions of his probation. We reject that contention.
Contrary to defendant's contention, he was not originally sentenced to a term of imprisonment under Penal Law § 60.21 with respect to any of the three counts. That section provides, in pertinent part, that "[n]otwithstanding [section 60.01 (2) (d)], when a person is to be sentenced upon a conviction for a violation of [Vehicle and Traffic Law § 1192 (2), (2-a) or (3)], the court may sentence such person to a period of imprisonment authorized by article seventy of this title and shall sentence such person to a period of probation or conditional discharge" (§ 60.21 [emphasis added]). The probation or conditional discharge imposed pursuant to section 60.21 is to run consecutively to any period of imprisonment imposed pursuant to article 70. Here, however, defendant was not sentenced to a period of imprisonment pursuant to Penal Law article 70. Rather, he was sentenced on each count to a traditional split sentence pursuant to Penal Law § 60.01 (2) (d), with the period of probation running concurrently with the period of imprisonment. Thus, Penal Law § 60.21 is inapplicable to this case and does not preclude the imposition of a sentence of imprisonment upon the revocation of probation (cf. Zirbel, 159 AD3d at 1546-1547; Coon, 156 AD3d at 106-108). We note that where, as was originally the case here, a court chooses to impose a split sentence under Penal Law § 60.01 (2) (d), or chooses to impose a sentence of probation only, it may impose an ignition interlock device as a condition of probation (see § 65.10 [1]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court