People v McGloun (2021 NY Slip Op 04428)





People v Mcgloun


2021 NY Slip Op 04428


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


123 KA 18-01852

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOVON MCGLOUN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered March 5, 2018. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Although the notice of appeal incorrectly states that defendant is appealing from a "plea and sentencing," we exercise our discretion to treat the appeal as taken from the judgment founded upon the jury verdict (see CPL 460.10 [6]; People v Boldt, 185 AD3d 1551, 1552 [4th Dept 2020], lv denied 35 NY3d 1093 [2020]). We now affirm.
Defendant abandoned his pretrial request for a new attorney by thereafter "repeatedly stat[ing] . . . that he was ready to proceed to trial with [existing] counsel" (People v Avent, 178 AD3d 1403, 1404 [4th Dept 2019], lv denied 35 NY3d 940 [2020]; see People v Scott, 172 AD3d 543, 544 [1st Dept 2019], lv denied 34 NY3d 954 [2019]). Defendant's present contention that County Court erred in denying his pretrial request for a new attorney is therefore waived (see People v Jones, 79 AD3d 1665, 1665 [4th Dept 2010]; People v Cobb, 72 AD3d 1565, 1567 [4th Dept 2010], lv denied 15 NY3d 803 [2010]; People v Hernandez, 62 AD3d 401, 401 [1st Dept 2009], lv denied 13 NY3d 797 [2009]). We reject defendant's further contention that the court erred in denying his request for a new attorney at sentencing (see People v Bethany, 144 AD3d 1666, 1669 [4th Dept 2016], lv denied 29 NY3d 996 [2017], cert denied — US &mdash, 138 S Ct 1571 [2018]; People v Johnson, 292 AD2d 871, 871 [4th Dept 2002], lv denied 98 NY2d 652 [2002]).
To the extent reviewable on direct appeal, defendant's ineffective assistance of counsel claim is without merit (see People v Linder, 170 AD3d 1555, 1559-1560 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]; People v Vargas, 72 AD3d 1114, 1119-1120 [3d Dept 2010], lv denied 15 NY3d 758 [2010]). Defendant's remaining contentions are unpreserved for appellate review, and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Lathrop, 171 AD3d 1473, 1475 [4th Dept 2019], lv denied 33 NY3d 1106 [2019]; People v Shannon, 269 AD2d 839, 839 [4th Dept 2000]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court