People v Burney (2022 NY Slip Op 02737)

People v Burney

2022 NY Slip Op 02737

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.

1171 KA 19-00552

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARY D. BURNEY, DEFENDANT-APPELLANT. (APPEAL NO. 3.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ADAM AMIRAULT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered January 29, 2019. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed, and the matter is remitted to Genesee County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from three judgments convicting him, following a single jury trial, of various crimes. Defendant appeals, in appeal No. 3, from a judgment convicting him of burglary in the second degree (Penal Law § 140.25 [2]), arising from an incident in which defendant, despite a stay-away order of protection in favor of his on-again, off-again girlfriend (victim), was arrested by the police after the victim allowed him to enter her apartment, where he proceeded to take a shower and a nap. In appeal No. 1, defendant appeals from a judgment convicting him of bail jumping in the second degree (§ 215.56), arising from an incident in which he failed to appear in court on the charge related to the initial arrest. In appeal No. 2, defendant appeals from a judgment also convicting him of burglary in the second degree (§ 140.25 [2]), arising from a subsequent incident in which defendant, following a multi-day stay at a hotel with the victim who accompanied him out of fear and was not allowed to leave the hotel room, returned to the apartment. There defendant argued with the victim, stayed overnight, and had sex with the victim against her will.
As a preliminary matter, to the extent that the pro se notice of appeal states that defendant is appealing from the sentences only, rather than the entire judgment in each appeal, we exercise our discretion in the interest of justice to treat the appeals as validly taken from the judgments (see CPL 460.10 [6]; People v Boldt, 185 AD3d 1551, 1552 [4th Dept 2020], lv denied 35 NY3d 1093 [2020]; People v Flax, 117 AD3d 1582, 1583 [4th Dept 2014]).
Defendant contends in each appeal that he was deprived of effective assistance of counsel because defense counsel, in response to defendant's pro se requests for assignment of new counsel, took an adverse position to him by disputing certain of his factual allegations, thereby creating a conflict of interest and undermining his credibility. We reject that contention.
Although "[t]he right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option . . . , the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing 'good cause for substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (People v [*2]Sides, 75 NY2d 822, 824 [1990]; see People v Porto, 16 NY3d 93, 99-100 [2010]). "[A] court's duty to consider . . . a motion [for substitution of counsel] is invoked only where a defendant makes a 'seemingly serious request[ ]' " for new counsel (Porto, 16 NY3d at 99-100; see Sides, 75 NY2d at 824). When a defendant's request for substitution of counsel is supported by "specific factual allegations of 'serious complaints about counsel[,]' . . . the court must make at least a 'minimal inquiry' " into " 'the nature of the disagreement or its potential for resolution' " (Porto, 16 NY3d at 100; see People v Smith, 30 NY3d 1043, 1043-1044 [2017]; Sides, 75 NY2d at 824-825; People v Medina, 44 NY2d 199, 207-208 [1978]).
The requisite inquiry includes allowing the defendant to air his or her complaints, and the court may also allow defense counsel to explain his or her performance (see People v Washington, 25 NY3d 1091, 1095 [2015]; People v Nelson, 7 NY3d 883, 884 [2006]; People v Okolo, 35 AD3d 1272, 1273 [4th Dept 2006], lv denied 8 NY3d 925 [2007]). Indeed, "[a]lthough an attorney is not obligated to comment on a client's pro se motions or arguments, he [or she] may address allegations of ineffectiveness [raised on a motion for substitution of counsel] 'when asked to by the court' and 'should be afforded the opportunity to explain his [or her] performance' " (Washington, 25 NY3d at 1095). Nevertheless, "[w]hile defense counsel need not support a defendant's pro se motion for the assignment of new counsel, a defendant is denied the right to [effective, conflict-free] counsel when defense counsel becomes a witness against the defendant by taking a position adverse to the defendant in the context of such a motion" (People v Fudge, 104 AD3d 1169, 1170 [4th Dept 2013], lv denied 21 NY3d 1042 [2013]; see Okolo, 35 AD3d at 1273). Defense counsel "takes a position adverse to his [or her] client when stating that the defendant's motion lacks merit" (Washington, 25 NY3d at 1095). Conversely, defense counsel "does not create an actual conflict merely by 'outlining his [or her] efforts on [the] client's behalf' . . . and 'defending his [or her] performance' " (id.; see Nelson, 7 NY3d at 884; People v Avent, 178 AD3d 1403, 1405 [4th Dept 2019], lv denied 35 NY3d 940 [2020]; People v Blackwell, 129 AD3d 1690, 1691 [4th Dept 2015], lv denied 26 NY3d 926 [2015]; Okolo, 35 AD3d at 1273).
Here, we conclude that defense counsel's denials of defendant's open-court allegations that defense counsel used a racial slur or other language evincing racial animus in conversations with defendant did not, without more, establish that defense counsel took a position adverse to defendant on his requests for substitution of counsel or otherwise created a conflict of interest (see Washington, 25 NY3d at 1093-1095; People v Gutek, 151 AD3d 1281, 1282 [3d Dept 2017]; see generally People v Cambronae, 180 AD3d 557, 558 [1st Dept 2020], lv denied 35 NY3d 1025 [2020]). Defense counsel briefly "denied the factual assertions but, importantly, did not take a position adverse to defendant on his request[s] for substitute counsel or otherwise, and no conflict of interest arose therefrom" (Gutek, 151 AD3d at 1282; see Washington, 25 NY3d at 1093-1095). Contrary to defendant's related contention, while it would have been better practice for defense counsel to be more circumspect in his representations to County Court even in the face of defendant's continued interruptive and accusatory behavior, we conclude that defense counsel did not take a position adverse to defendant by clarifying that he did not, in fact, inform defendant that the decision to call witnesses was up to defendant (see Washington, 25 NY3d at 1093-1095; Cambronae, 180 AD3d at 558). Defense counsel simply informed the court "what [he and defendant had] discussed" about the decision to call witnesses and, in doing so, defense counsel "never strayed beyond a factual explanation of his efforts on his client's behalf" (Washington, 25 NY3d at 1095; see Cambronae, 180 AD3d at 558).
We reject defendant's contention in each appeal that the court erred in denying his purported pretrial requests to represent himself without conducting a searching inquiry. The record establishes that defendant "did not clearly and unequivocally request to proceed pro se," i.e., defendant's statements " 'd[id] not reflect a definitive commitment to self-representation' that would trigger a searching inquiry by the trial court" (People v Duarte, 37 NY3d 1218, 1219 [2022], quoting People v LaValle, 3 NY3d 88, 106 [2004]; see People v Gillian, 8 NY3d 85, 88 [2006]).
Defendant also contends in each appeal that the court erred by refusing to grant an adjournment just before the beginning of jury selection to permit him to retain new counsel. That contention lacks merit. It is well settled that "the constitutional right to [a defense] by counsel of one's own choosing does not bestow upon a criminal defendant the absolute right to demand that his trial be delayed while he selects another attorney to represent him at trial. . . . Whether a [*3]continuance should be granted is largely within the discretion of the [t]rial [court]" (People v Arroyave, 49 NY2d 264, 271 [1980]; see People v Goodwin, 159 AD3d 1433, 1433-1434 [4th Dept 2018]; People v Robinson, 132 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1005 [2016]). Here, defendant "had ample opportunity to retain counsel of his own choosing before his request, and he failed to demonstrate that the requested adjournment was necessitated by forces beyond his control and was not a dilatory tactic" (People v Allison, 69 AD3d 740, 741 [2d Dept 2010], lv denied 14 NY3d 885 [2010]; see People v Hunter, 171 AD3d 1534, 1535 [4th Dept 2019], lv denied 33 NY3d 1105 [2019]). Considering "the reasonableness of the trial court's decision in light of all the existing circumstances" (Arroyave, 49 NY2d at 272), we conclude that the court did not abuse its discretion in refusing to grant an adjournment on the eve of trial (see People v DeValle, 194 AD3d 1411, 1412 [4th Dept 2021], lv denied 37 NY3d 964 [2021]; Robinson, 132 AD3d at 1409).
Contrary to defendant's further contention in appeal Nos. 2 and 3, the court did not err in permitting the People to introduce Molineux evidence related to prior incidents of domestic violence between defendant and the victim. The court properly concluded that the evidence "provided necessary background information on the nature of the relationship and placed the charged conduct in context" (People v Dorm, 12 NY3d 16, 19 [2009]; see People v Swift, 195 AD3d 1496, 1499 [4th Dept 2021], lv denied 37 NY3d 1030 [2021]; see generally People v Frankline, 27 NY3d 1113, 1115 [2016]), and was relevant to the issue of defendant's intent (see Dorm, 12 NY3d at 19; People v Womack, 143 AD3d 1171, 1173 [3d Dept 2016], lv denied 28 NY3d 1151 [2017]). We further conclude that the court did not abuse its discretion in determining that the probative value of the evidence outweighed its potential for prejudice (see Dorm, 12 NY3d at 19; see generally People v Alvino, 71 NY2d 233, 242 [1987]), and that the court's repeated limiting instructions minimized any prejudice to defendant (see People v Murray, 185 AD3d 1507, 1508 [4th Dept 2020], lv denied 36 NY3d 974 [2020]; People v Matthews, 142 AD3d 1354, 1356 [4th Dept 2016], lv denied 28 NY3d 1125 [2016]).
Defendant next contends in appeal Nos. 2 and 3 that the burglary conviction in each of those appeals is not supported by legally sufficient evidence because, beyond his violations of the stay-away provision of the order of protection, the evidence did not establish that he intended to violate any other provision of the order of protection or commit any other crime in the apartment. We reject that contention. "A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]; see People v Kancharla, 23 NY3d 294, 302 [2014]). In conducting a legal sufficiency review, "[w]e must assume that the jury credited the People's witnesses and gave the prosecution's evidence the full weight it might reasonably be accorded" (People v Hampton, 21 NY3d 277, 288 [2013]; see People v Gordon, 23 NY3d 643, 649 [2014]). Here, viewing the evidence in that manner, we conclude that the evidence is legally sufficient to support each burglary conviction (see People v Lewis, 5 NY3d 546, 551-553 [2005]; People v Lopez, 147 AD3d 456, 456-457 [1st Dept 2017], lv denied 29 NY3d 999 [2017]).
Defendant also contends in appeal Nos. 2 and 3 that the verdict is against the weight of the evidence with respect to the intent element of the burglary charges. We agree with defendant in part. "A legally sufficient verdict . . . may be against the weight of the evidence" (Kancharla, 23 NY3d at 302; see Danielson, 9 NY3d at 349). Indeed, under a weight of the evidence review, "[e]ven if all the elements and necessary findings are supported by some credible evidence, [we] must examine the evidence further" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). "Unlike a sufficiency analysis, weight of the evidence review requires [that we] act, in effect, as a second jury . . . by rendering [our] own determination of the facts as proved at trial 'in light of the elements of the crime as charged to the other jurors' " (Kancharla, 23 NY3d at 302-303, quoting Danielson, 9 NY3d at 349; see People v Romero, 7 NY3d 633, 644 n 2 [2006]; Bleakley, 69 NY2d at 495). We nonetheless must accord "[g]reat deference . . . to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (Bleakley, 69 NY2d at 495; see Kancharla, 23 NY3d at 303).
Here, viewing the evidence in light of the elements of the crime in appeal No. 2 as charged to the jury, even assuming, arguendo, that an acquittal on that crime would not have [*4]been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see People v Williams, 169 AD3d 567, 567 [1st Dept 2019], lv denied 33 NY3d 1075 [2019]; see generally Danielson, 9 NY3d at 348-349; Bleakley, 69 NY2d at 495). In appeal No. 3, however, we conclude that an acquittal would not have been unreasonable and, upon "weigh[ing] conflicting testimony, review[ing] any rational inferences that may be drawn from the evidence and evaluat[ing] the strength of such conclusions" (Danielson, 9 NY3d at 348), we are "not convinced that the jury was justified in finding that guilt was proven beyond a reasonable doubt" with respect to defendant's intent to violate the order of protection beyond the stay-away provision or commit a separate crime in the apartment (People v Delamota, 18 NY3d 107, 117 [2011]; see generally People v Cajigas, 19 NY3d 697, 701-702 [2012]). We therefore reverse the judgment in appeal No. 3 and dismiss that indictment.
Contrary to defendant's further contention, the sentence imposed on the remaining counts is not unduly harsh or severe. Finally, defendant's remaining contention with respect to appeal No. 2 does not warrant reversal or modification of the judgment in that appeal and, in light of our determination in appeal No. 3, defendant's remaining contention insofar as it relates to that appeal is academic.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court