People v Rodriguez-Rivera (2025 NY Slip Op 06624)

People v Rodriguez-Rivera

2025 NY Slip Op 06624

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-00421

[*1]The People of the State of New York, respondent,
v
Carlos Rodriguez-Rivera, appellant. (S.C.I. No. 70777/21)

N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Kevin C. King of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Nassau County (Caryn R. Fink, J.), rendered January 10, 2023, revoking the probation component of a split sentence of incarceration and probation previously imposed by the same court, upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of incarceration and conditional discharge upon his previous conviction of driving while intoxicated as a felony.
ORDERED that the amended judgment is affirmed.
The defendant was convicted of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192[2]) and was sentenced to five years of probation. As a condition of probation, the Supreme Court directed that the defendant be incarcerated for 30 days, and the court then stated that the probation and incarceration periods would run consecutively. After the defendant's term of incarceration, the court, upon a finding that the defendant violated the terms of his probation, revoked the probation component of the sentence and resentenced the defendant to nine months' incarceration and a three-year conditional discharge. The defendant appeals.
The Supreme Court imposed a split sentence pursuant to Penal Law § 60.01(2)(d) and properly revoked the probation component of that sentence when the defendant violated the terms of his probation. Although the court erroneously stated that the probationary and incarceration periods would run consecutively, the sentence of incarceration must be construed to run concurrently with the term of probation, pursuant to Penal Law § 60.01(2)(d), given that the court explicitly imposed the short incarceration term as a special condition of probation, not in addition to probation (see People v Boldt, 185 AD3d 1551, 1552; People ex rel. Maye v Keating, 225 AD2d 836, 837). Contrary to the defendant's contention, Penal Law § 60.21 is inapplicable to this case and thus does not preclude the imposition of a sentence of incarceration upon the revocation of probation (see People v Boldt, 185 AD3d at 1552).
IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court